Lipscomb, J.
There can be no doubt that the judgment rendered in 1845 was void, as it was not competent to render any judgment in the case after the death of the plaintiff without making his representative a party; and the same objection remained as to the sufficiency of proper parties to the judgment as amended nunc pro tunc. And had the plaintiff presented in his petition the facts and circumstances under which the judgment was rendered — that it was done after the death of the plaintiff, without making his representative a party— and asked to set aside and vacate the judgment so entered, there can be no doubt but tlie court had authority to correct the mistake that it bad been inadvertently drawn into in entering a judgment in favor of a dead party, which judgment was a nullity. Tlie court could and ought to have made this correction, provided it bad been applied for within a reasonable time.
But it is possible that Field may have been the real owner of the debt, though it stood in court in the name of Gardiner as nominal plaintiff *145 and that tho course taken was with a view to avoid the additional expense, of making (lie representative of the nominal plaintiff a party. This presumption might well arise, as no proceedings wore instituted h.v the plaintiff until after lapse of three years. Had he applied within a reasonable time, he would have been heard and the proceedings vacated. The right of Field to control and settle the debt could have been inquired into and decided. The petition in this case, however, even if it had been tiled within a reasonable time, does not state the facts, but sets out a different state of facts from those that really-existed. lie might have amended when he discovered what had been done in the case, and made his petition, in substance, an application in the nature of a writ of error coram nobis; not that it was necessary to he in strict conformity with such a proceeding at common law, but in principle it would have been the same, because it was a mistake that could only be corrected in and by the court whore it occurred. The plaintiff not having so framed his application would be a sufficient ground to sustain the judgment of the court, independent of the fact that he had too long neglected to seek a correction of the errors complained of. It would seem that,'by analogy to a bill of review, limited by our statute to two years, the plaintiff is too late in seeking a remedy. The judgment must be affirmed.
Note 53. — Martel v. Hernslieim, 9 T., 294; Armstrong v. Nixon, 16 T., 610; Brown v. Torrey, 22 T., 54; Moke & Bro. v. Brackett, 28 T., 443; Hollingsworth v. Bagley,35 T.,345; Pullen v. Baker, 41 T., 419. A judgment cannot be impeached in a collateral action by proof that the person for or against whom it is rendered died before its rendition. (Mills -u. Alexander, 21 T.,154; Thouvenin v. Rodrigues, 24 T., 468.)
Judgment affirmed.