## No. 6207.

## THE HEIRS OF NANCY TEVIS v. WILLIAM E. ARMSTRONG AND J. J. FRENCH.

1. TRESPASS TO TRY TITLE FOR LANDS IN DIFFERENT COUNTIES.—An action by tenants in common in two tracts of land located under one land certificate, but in different counties, and against heirs of the grantee of the certificate, in trespass to try title, can be maintained for both tracts, there being no plea in the abatement nor special exceptions as to the tract of land lying in the county other than that in which suit is brought. (67 Texas, 382, Martin v. Robinson; 11 Texas, 400, Ryan v. Jackson; Sec. 13, Rev. Stats., 1198.)

2. PARTIES.—Unless partition be asked the absence of all claimants as defendants is immaterial in an action of trespass to try title.

3. POSSESSION.—A petition alleging ownership of land in plaintiffs, and an adverse claim by the defendants is sufficient in alleging a cause of action without alleging possession or right of possession in the plaintiffs.

4. TESTIMONY—PRACTICE.—Only such objections as are urged to the admissibility of testimony will be considered on appeal. Objection to depositions are governed by statute.

5. STALE DEMAND.—In an action for a locative interest upon a contract for a deed to be made on issuance of patent, such claim does not become a stale demand until ten years after issuance of patent in absence of complaint or repudiation of the contract on account of delay before patent, regardless of the time between the contract and the patent.

6. PROBATE RECORDS AS EVIDENCE OF TITLE.—See testimony *held* insufficient as a link in the chain of title on account of variance in the description of land certificate, alleged to have been partitioned by decree of a probate court.

7. SAME—STALE DEMAND.—Proceedings to correct a misdescription in a decree of partition entered prior to May 21, 1871, and brought August 29, 1883, are brought too late. (47 Texas, 239; 51 Texas, 647; 54 Texas, 85.)

APPEAL from Comanche. Tried below before the Hon. T. B. Wheeler.

*O'Brien & O'Brien*, and *Shropshire & Shropshire*, and *R. P. P. Hodge*, for appellants: On exceptions to the petition cited, Johnson v. Bryan, 62 Texas, 623; Martin v. Robinson, 67 Texas, 383; Rev. Stats., arts. 1195, 1215, 1236, 1245, 4786; Bailey v. Morgan, 13 Texas, 343; Denison v. League, 16

Texas, 409; Taylor v. Whitfield, 33 Texas, 186; Ship Channel Company v. Bruly, 45 Texas, 8; De La Vega v. League, 64 Texas, 210; Whitman v. Willis, 51 Texas, 426; Story's Equity Pleading, 159, 160, 161, 72; Revised Statutes, 4786, sections 4 and 5; 68 Texas, 526, Day Land and Cattle Company v. The State.

On admission of declarations, etc., in evidence: Statute, article 2248; Parks et al v. Caudle, 58 Texas, 221; McCampbell v. Henderson, 50 Texas, 613; Lewis v. Aylot, 45 Texas, 202; Simpson v. Brotherton, 62 Texas, 170; W. R. Stringfellow's Administrator v. Montgomery et al., 57 Texas, 350; Tucker v. Hamlin, 60 Texas, 176; J. Lyle Smith, administrator v. W. E. Shinn et al., 58 Texas, 1; McDow v. Rabb, 56 Texas, 154, 157, 159 and 162; Titus v. Johnson, 50 Texas, 224, syllabus 10 and page 242; Willis v. Gay, 48 Texas, 463 and 470; and see authorities cited from 1 Greenleaf's Evidence; Firebaugh v. Ward, 51 Texas, 413, 414; McDow v. Rabb, 56 Texas, 162; Johnson v. Richardson, 52 Texas, 481, 494; 1 Greenleaf's Evidence, 109, 123, 124, 176, 180, 189, 203.

Upon competency and effect of the probate records: Gillenwaters v. Scott, 62 Texas, 671; Williams v. Robinson, 63 Texas, 580; Pelham v. Murray, 64 Texas, 478; Heath v. Layne, 62 Texas, 690; Franks v. Chapman, 60 Texas, 47; Caruth v. Grigsby, 57 Texas, 266 to 269; Holmes v. Johns, 56 Texas, 41 and 51, paragraph 2; Murchison v. White, 54 Texas, 78; Norris v. Hunt, 51 Texas, 614; Hurley v. Barnard, 48 Texas, 83; Vandergriff v. Piercy, 59 Texas, 371; Belcher v. Fox, 60 Texas, 530; Mills v. Herndon, 60 Texas, 357; Bray v. Aikin, 60 Texas, 690 and 691; Parks v. Caudle, 58 Texas, 220; Firebaugh v. Ward, 51 Texas, 413; Olive v. Bevil, 55 Texas, 425; Little v. Weatherford, 63 Texas, 638; Scherer v. Upton, 31 Texas, 619; Dunn v. Choate, 4 Texas, 18 and 19; McKinney v. Bradbury, Dallam, 441; 1 Greenleaf Evidence, 558 et seq., notes, and Ib., 84 to 96.

On laches: (1) As to contract: Taylor v. Campbell, 59 Texas, 318; Murphy v. Welder, 58 Texas, 241; Carlisle v. Hart, 27 Texas, 353; 1 Story's Equity Jurisprudence, paragraphs 771, 775, 776 and 779.

(2) As to correction of mistake: Connelly v. Hammond, 51 Texas, 635, Murchison v. White, 54 Texas, 78; Haskins v. Wallet, 63 Texas, 220; Pipkin v. Kaufman & Runge, 62 Texas, 550, and cases cited; Satterwhite v. Rosser, 61 Texas, 172; Smith v. Talbot, 18 Texas, 782; McDonald v. McGuire, 8 Texas, 370;

Bremond v. McLean, 45 Texas, 18; 2 Story's Equity Jurisprudence, paragraph 1520 and note 3; Kerr on Fraud and Mistake, 303 to 312.

The judgment should at least have been for defendants for one-half of the land: Johnson v. Harrison, 48 Texas, 261; Belcher v. Fox, 60 Texas, 531; Manchaca v. Field, 62 Texas, 137, 138 and 139, and cases there cited; Rudd v. Johnson, 60 Texas, 93; Caruth v. Grigsby, 57 Texas, 264, 265, 266 and 267; Moody v. Butler, 63 Texas, 212; Covell v. Cole, 16 Michigan, 223; 1 Story's Equity Jurisprudence, paragraph 779.

*Tom J. Russell* and *Lindsey & Hutchinson,* for appellees: 1 Story's Equity, caption 5, section 10; Smith v. Doak, 3 Texas, 215; Tinnen v. Mebane, 10 Texas, 246; DeCordova v. Smith, 9 Texas, 120, McFadin v. William, 58 Texas, 628; Glasscock v. Nelson, 26 Texas, 154; McMasters v. Mills, 30 Texas; 591; Hanks v. Enloe, 33 Texas, 624; Reed v. West, 47 Texas, 248.

WALKER, ASSOCIATE JUSTICE. This is an action by appellees as tenants in common, each claiming one-half undivided interest in two tracts of land, one in Comanche county and one in Brown county, located and patented by virtue of certificate No. 13 in the name of Nancy Tevis, granted by the board of land commissioners of Jefferson county. .

Armstrong claimed as sole heir of his father, William Armstrong, who owned one-half interest under a contract for locative interest in one-half, fully executed by said Armstrong in his life time, save only in obtaining the patents from the land office, which was done and expenses paid by his executor.

French claimed the other half interest in said lands, under a conveyance by A. J. Tevis, who claimed as an heir and devisee of Nancy Tevis and under an order of partition of her estate in the probate court of Jefferson county, by which he claimed the land had been allotted to him. Suit was filed August 29, 1883. The heirs of Nancy Tevis were made defendants. They are numerous.

Defendants answered by general demurrer, and specially excepting because the names of all the defendants were not clearly and with certainty set out. (2) Because the interest claimed by the plaintiffs is not set out. (3) Because it is not stated that plaintiffs were in possession of the land sued for or entitled to such possession, not guilty, limitation of ten years, and stale demand.

On trial before the court, the demurrer and exceptions having been overruled, judgment was rendered for the plaintiffs for the two tracts of land sued for.

.The first assignment of error complains of the refusal to sustain the general and special exceptions urged by the defendants to the petitions, specially in not striking from the petition so much of it as related to the tract of land lying in Brown county. The authority cited (67 Texas, 382, Martin v. Robinson) as construing article 1198 of Revised Statutes, section 13, does not apply to a state of facts like those here presented. Where the rights of the plaintiffs and of all the defendants are identical in the two tracts. An adjudication upon the ownership of one tract would necessarily determine the ownership of both so far as the title would be ascertained by the facts. But the objection was not specifically made, nor plea in abatement urged. The plea of not guilty applied to the entire suit. (Ryan v. Jackson, 11 Texas, 400.)

The exceptions for want of parties would be well taken had partition been asken. The parties interested and not joined in this suit will not be bound thereby. The objections seem to have been to a great extent corrected by amendment. But it was not error to proceed to try the case for the land against the parties in court. (45 Texas, 8; 64 Texas, 210.)

The exceptions urged that the petition was insufficient from not alleging that plaintiffs were in possession or were entitled to it are not well taken. In 68 Texas, 526, Day Land and Cattle Company v. The State, it was held that allegation of title in plaintiff in the lands sued for, and of adverse claim by defendants, was sufficient statement of cause of action.

The many assignments of error attacking the rulings of the court, in admitting testimony insisted to be irrelevant and incompetent, do not become material in appeals where the cases were tried by the court without a jury. The declarations in evidence made by A. J. Tevis were competent against his heirs when relating to the contract for location between Armstrong and Mrs. Nancy Tevis. The testimony by French to his vendor's declarations touching his interest in the Tevis lands were immaterial, for they are but a repetition of the recitals in the deed made at the time, and which was the occasion of the conversations detailed in evidence.

The testimony to the existence and contents of the contract between Nancy Tevis and William Armstrong was competent.

No objections were filed to the form or manner of taking the depositions. Whether the questions were leading or suggestive, or the answers pertinent, are not raised in the record. (Rev. Stats., 2235; 46 Texas, 198; 57 Texas, 444; 55 Texas, 626.) Objections were not made to the testimony as secondary. The original seems to have been in the possession of one of the executors of Nancy Tevis, and from his papers after his death it passed into possession of some of the defendants, and probably to the attorneys for the defense in this suit. If the deed was with the papers left by Langham at O'Brian's office it doubtless would have been produced if necessary.

The pleas of stale demand and limitation of ten years were not sustained by the testimony. The suit was filed less than ten years after patent issued. The surveys were made and certificates and field notes returned to the land office ready for patent by Armstrong in his lifetime. After his death patents were obtained, the office fees and dues being paid by his executor. While Armstrong was slow in making the locations there is not shown any repudiation of the contract by Mrs. Nancy Tevis, or her heirs or legal representatives, or any complaint at his delay.

Exceptions were taken to the admission of extracts from the records of the probate court of Jefferson county, in the administration of the estate of Nancy Tevis. Objections were urged to the relevancy, and again to the sufficiency of the records as a link in the chain of French's title claimed under A. J. Tevis.

It was shown that Nancy Tevis (Hutchinson) died January, 1863, and that her will was probated January 26, 1863, in probate court of Jefferson county; that her executors qualified February 26, 1863. The executors filed an "additional inventory and appraisement of property belonging to the estate of Nancy Hutchinson, deceased," including

"1107 acres of land, Hdf., of Noah Tevis, dec'd, supposed to lie in Throckmorton county, valued of $1 per acres; $1107.00."

A certified copy of record of partition of estate of Nancy Hutchinson was read, decreeing that "Andrew J. Tevis take the property set apart to him, to wit: A negro boy, Abe, a certificate of one-fourth of a league, the headright of Noah Tevis; two acres of land in Jefferson county near Beaumont; a note against Mary Stephenson of three hundred and fourteen

dollars and eleven cents—and household furniture valued at seventy-five dollars. The whole valued at $2207.69.   *   *   * And that the title to said property is hereby fully vested in said distributees, as set forth in said report." The date of this partition is not given. May 21, 1871, A. J. Tevis conveyed to plaintiff, French, by warranty deed, as recited; all his "right, title and claim of, to, and in one equal undivided one-half league and one labor of land—the certificate of which is No. 13, issued to Nancy Tevis, by the board of land commissioners of Jefferson county, and State of Texas, which certificate was recently located in the counties of Brown and Comanche, in two surveys. Said certificate was set apart to me as one of the heirs of my deceased mother, Nancy Tevis."

It appeared that on January 17, 1835, a title for half a league of land had been issued to Noah Tevis, as an emigrant, and head of a family in Zavalla's colony. The date of his death is not shown. In 1843 a partition of his estate, including this land, was made in the probate court of Jefferson county.

The details of the administration are not given.

It appeared that January 22, 1838, Mrs. Nancy Tevis having proved to "the satisfaction of the board of land commissioners of Jefferson county that she was entitled to one-half league of land and one labor, she having previously received one-half league—her time of emigrating to the country in 1825, being a head of a family and citizen of the country at the declaration of independence"—there was granted to her the headright certificate No. 13 for half a league and one labor. Upon sufficient showing a duplicate was issued May 19, 1870. Under the duplicate the surveys were made and patents issued for the lands in controversy. It is shown that Noah and Nancy Tevis were man and wife and that the grant of half league to Noah and the issuance of the certificate for half league and one labor of land were to the same family.

While the records of the partition were relevant and the objections to the testimony were properly overruled, there remains the question whether the testimony was sufficient to prove that the conveyances by A. J. Tevis to French of the one-half of the headright certificate No. 13 for the half league and one labor in name of Nancy Tevis conveyed such interest against the defendants other than the heirs of the maker. The deed certainly conveyed all interest A. J. Tevis had in the certificate as heir or devisee of his mother or otherwise.

The inventory by the executors and the decree of partition allotted to A. J. Tevis "a certificate of one-fourth of a league the headright of Noah Tevis," further identified as "supposed to be located in Throckmorton county."

Comparing the deed with the probate records there is not a single descriptive term in common: The grantee, the quantity of interest, the size of the certificate, the number, the county where located, all differ.

We are not satisfied with the sufficiency of the testimony to sustain French's claim to the half interest decreed him.

In the brief for appellee it is declared that the only purpose of joining French as plaintiff was to correct the misdescription in the administration proceedings of the land certificate. For such purpose the proceedings came too late. (47 Texas, 239; 51 Texas, 647; 54 Texas, 85.)

That the order of the probate court must have disposed of the interest of the estate in this headright No. 13 in name of Nancy Tevis may be shown if such was the fact.

We do not think it proper to reverse and to render judgment for French for the interest his grantor as heir or devisee had in the lands. Upon a new trial additional testimony may be produced developing the fact that the half of the certificate No. 13 was administered and was allotted to A. J. Tevis in the partition.

For want of sufficient testimony to sustain the judgment in favor of French the judgment below will be reversed. If partition be sought all persons interested in the lands should be made parties if not already in court.

*Reversed and remanded.*

Opinion delivered June 15, 1888.