### ROGERS et al. v. WAGGONER.[†]

(Court of Civil Appeals of Texas. Ft. Worth. May 25, 1912. On Motion for Rehearing and to Certify, June 29, 1912.)

1. LIMITATION OF ACTIONS (§ 5*)—CORRECTION OF JUDGMENT—"ACTION."

Rev. St. 1895, art. 3358, provides that every action, other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years after the right to bring the same shall have accrued. *Held*, that the word "action" meant the prosecution of some demand in a court of justice, including all proceedings taken in such a court to fix a right given either by statute or substantive law, and therefore included a proceeding to correct a clerical error in a judgment previously rendered in the same court.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 13–15; Dec. Dig. § 5.*

For other definitions, see Words and Phrases, vol. 1, pp. 128–140; vol. 8, p. 7563.]

2. JUDGMENT (§ 321*)—CORRECTION—LACHES—"STALE DEMAND."

Where a demand was entered in favor of plaintiff, quieting title in certain land, but, by a mistake of the clerk, described the land as in fractional section No. 92, instead of fractional section No. 2, and plaintiff, without excuse, failed to discover the mistake for more than four years, when he filed a petition for correction, his claim was a "stale demand," and his right to relief was barred by laches.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 619, 620; Dec. Dig. § 321.*

For other definitions, see Words and Phrases, vol. 7, p. 6622.]

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by W. T. Waggoner against Mrs. C. E. Rogers and others to correct judgment. Judgment for complainant, and defendants appeal. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

149 S.W.—36          † Writ of error granted by Supreme Court.

W. T. Perkins and M. M. Hankins, both of Quanah, and Fred W. Householder, for appellants. J. T. Montgomery, of Wichita Falls, and Stephens & Miller, of Ft. Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment of the district court of Wichita county in favor of appellee, W. T. Waggoner, correcting a judgment of the same court entered in appellee's favor and against appellant on the 31st day of January, 1907.

The petition for correction, which was filed in the district court on May 26, 1911, is designated as a motion, and styled and numbered as in the original proceedings, which are set out in the motion, and from which it appears that on October 12, 1906, W. T. Waggoner, appellee herein, instituted suit in the district court of Wichita county against Mrs. C. E. Rogers, appellant herein, in the usual form of trespass to try title to recover land described in the original petition as "situated partly in Wichita county and partly in Wilbarger county, Texas, and known as fractional section No. 2 by virtue of certificate 5,196, granted to the Gulf, Colorado & Santa Fé Railway Company, and containing 300 acres of land." The defendant Mrs. Rogers was cited; but it appearing that she was non compos mentis, a guardian ad litem was appointed, who answered by a plea of not guilty and a special plea, not thought to be material in the present controversy. Upon the conclusion of the trial, the court made the following entry upon his docket, viz.: "Judgment for plaintiff as prayed for." Upon the same day, to wit, January 31, 1907, judgment was entered upon the minutes of the court, decreeing a recovery in the plaintiff's favor for land which is described in the judgment in all respects the same as in the petition, except that the decree reads for "fractional section No. 92," instead of "fractional sectionl No. 2."

Thereafter, on May 26, 1911, the present proceeding as stated was instituted by W. T. Waggoner to correct the judgment referred to so as to have the description of the land awarded in the judgment conform to that given in the petition in the original suit. It is alleged in the motion that the recitation in the judgment for fractional section No. 92 instead of fractional section No. 2, was made by the mistake of the clerk in entering the judgment upon the minutes, and the prayer was that the correction might be made, so as to make the judgment speak the truth.

Appellant Mrs. C. E. Rogers was again cited and appeared and answered by guardian, as also by a guardian ad litem appointed by the court, who answered, setting up the mental disqualification of appellant, and, among other things, specially excepted to the motion, as follows:

"(a) That said petition or motion shows upon its face that this suit is brought to reform a judgment of this court entered in this cause on the 31st day of January, A. D. 1907; and that more than four years has elapsed since said judgment was so entered; and that plaintiff's action herein is therefore barred by the statute of limitations, which is now here specially pleaded.

"(b) That said petition or motion is insufficient, for the reason that it do s not show that there was any fraud practiced in the matters set up as a mistake in the description of the land, or that the plaintiff's counsel were in any way misled by any statement of the defendant.

"(c) That said petition or motion does not show that said alleged mistake arose by any other means or manner, or from any other cause, than from the presumed negligence of the plaintiff; and no reason is given why said alleged error could not have been discovered before the close of the term of court at which said judgment was entered."

Article 1356 of the Revised Statutes reads: "Where there shall be a mistake in the record of any judgment or decree, the judge may, in open court, and after notice of the application therefor has been given to the parties interested in such judgment or decree, amend the same according to the truth and justice of the case, and thereafter the execution shall conform to the judgment as amended."

[1] We have no statute of limitation specifically applying to the present effort; but the article of the statute invoked by the exceptions under consideration reads that: "Every action other than that for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." Rev. St. 1895, art. 3358. Appellee in effect admits that the motion to correct comes too late, if the proceeding is to be properly designated as an "action," within the meaning of the statute of limitation quoted. It is evident that in such event it must be so, as it appears that the petition or motion to correct was presented more than four years after the entry of the judgment sought to be corrected. Appellee insists, however, that the proceeding is in no sense an "action," but a mere motion to amend the minutes of the district court of Wichita county, so as to show what in truth was the judgment; and that the statute of limitations has no application. Our Supreme Court, in Ex parte Towles, 48 Tex. 433, defines an action or suit "to be the prosecution of some demand in a court of justice"; and, if this definition be correct, it seems a little difficult to explain just why the present proceeding is not an action, or at least sufficiently in the nature of an action to subject it to the

operation of our act of limitation. See Prewett v. Hilliard, 11 Humph. (Tenn.) 423. As used in the statute of limitation, the term seems sufficiently comprehensive to include any and all proceedings necessary to be taken in a court of justice in order to fix a right given either by statute or substantive law; and in the instance before us appellee invokes the statutory right only, and has not alleged one allowable according to the principles of equity.

[2] We shall not, however, pause to further discuss the distinction suggested; for the exceptions clearly point out appellee's delay in the proceeding, and whether the delay be denominated "limitation" or "stale demand" is immaterial. The facts from which the defense arises appear on the face of the motion, and appellant duly pleads them by her exceptions. The judgment, on its face, was complete, and apparently presents no obstacle to the issuance of writs for its enforcement; and the motion to correct it in no way connects appellant with the alleged mistake, or presents any excuse whatever for the failure to earlier discover it. The law favors the diligent, and judgments, in all respects regular on their face, ought not to be subject to disturbance for all time upon mere allegations of mistake on the part of the scriveners who write them.

The foregoing view is sustained, we think, by the case of De Camp v. Bates, 37 S. W. 644, by the Court of Civil Appeals for the Fifth District, and in which a writ of error was denied by our Supreme Court. That was a case wherein suit was instituted on January 11, 1893, for the purpose of correcting a judgment entered upon the 18th day of March, 1887; and it was distinctly held that the four-year statute of limitation was applicable and constituted a bar to the proceedings. We approve this decision and conclude that the court erred in overruling appellant's exceptions, and the judgment herein will be reversed, and the cause remanded.

Reversed and remanded.

## On Motion for Rehearing and to Certify.

The able counsel for appellee has presented a forceful motion for a rehearing herein, and asks, in event we are unable to agree therewith, that we certify the question of limitation to the Supreme Court for determination, citing numerous cases with which, it is insisted, we are in conflict.

Of the cases cited, and with which it is insisted we are in conflict, we should, perhaps, notice particularly the case of Hamilton-Brown Shoe Co. v. Whitaker, 4 Tex. Civ. App. 380, 23 S. W. 520, by one of our own courts. The point in that case insisted upon by appellee here arose in this way: A Mrs. La Prelle sought to show her separate right in certain land, the proceeds of which had been used by her husband, John La Prelle, and in payment of which John La Prelle had conveyed to his wife an interest in certain personal property that had been levied upon, and that was in controversy in the case. In support of such claim, Mrs. La Prelle offered in evidence a copy of a judgment made in 1889, correcting the entry of an original judgment entered in 1882, probating the will of Mrs. La Prelle's father, and which devised the land mentioned to her. The record so offered was excluded by the trial court; the contention of those contesting Mrs. La Prelle's claim being that the "court had no power or jurisdiction in 1889 to correct or amend the record probating the will in 1882." It was in disposing of this contention on appeal that the Court of Civil Appeals for the Third District said, inter alia, that "because the judgment correcting the mistake is made after a long lapse of time from the entry of the original judgment is no reason why the correcting judgment is void, and is not a reason for denying the court jurisdiction to correct its records."

It is apparent, we think, that our original holding is not in conflict with the case of Hamilton-Brown Shoe Co. v. Whitaker. In that case the attack on the judgment was collateral. It does not appear that the issue of limitation was even raised in the proceedings to amend; and it is evident that the question before the court in the case of Hamilton-Brown Shoe Company v. Whitaker extended only to the power of the court amending the judgment of 1882 to do as it did. Here is a direct application by one of the parties to the judgment, which is complete on its face, to amend it so as to entirely alter the scope of recovery. To this application the other party to the judgment, by way of exception, expressly pleads the statute of limitation. Here the court's power to correct is not questioned; but the question is: Is limitation, as a bar to an effort to correct the record of a judgment, available at all to one duly pleading and proving it? We thought, and still think, the affirmative of the question is supported by the decision in De Camp v. Bates, 37 S. W. 644, by the Court of Civil Appeals for the Fifth District, originally cited by us, where the question of limitation was directly involved, and to which a writ of error was refused. That case cites several authorities, including the case of Milam County v. Robertson, 47 Tex. 222, in which a motion to vacate a judgment of the Supreme Court, entered seven years before for error appearing on the face of the record, was denied on the ground of laches; the court, among other things, saying: "The counsel who present this application were in court when the error of which they complain occurred; yet they then made no objection, either to the submission of the case, or to its decision by the court; nor have they shown us any valid or satisfactory

reason for their silence for so long a time. There certainly should be some limit to the time within which the court will reopen litigation which, with the apparent assent of the parties, has been seemingly finally disposed of and ended. Innocent third parties may have bought and paid for the land on the faith of the judgment; and, if the case can be reinstated and proceeded with anew, it might work the grossest injustice to other parties, who would have much more right to complain than those who urge this motion. To sanction, by sustaining the motion, such laches as is exhibited in this case, if the motion should have been granted, if presented in proper time, would, we think, set a dangerous precedent, which would be calculated to open the door and invite to fraud." See, also, Tevis v. Armstrong, 71 Tex. 59, 9 S. W. 134; Murchison v. White, 54 Tex. 78; Mo. Pac. Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605; Williamson v. Wright, 1 Posey, Unrep. Cas. 711; Weaver v. Shaw, 5 Tex. 286.

Appellee cites and quotes from a number of decisions of other states using general language that would seem to sustain his contention herein. All of them are not available to us; but from such as we have been able to examine we think it will be generally found that in the cases referred to the real question involved and decided, as in the Hamilton-Brown Shoe Company Case, was one of jurisdiction, and not one of limitation or laches. But, be this as it may, we think the light and trend of our own decisions are of more controlling effect.

The motions to certify and for rehearing will be overruled.