## STOWERS et al. v. O'DELL. (No. 3044.)

Court of Civil Appeals of Texas. Amarillo.
July 4, 1928.

Rehearing Denied Sept. 26, 1928.

T. B. Ridgell, of Breckenridge, and Homer Stimson, of Royse City, for appellants.

Tatum & Strong, of Dalhart, and F. H. McGregor, of Amarillo, for appellee.

JACKSON, J. This suit was instituted by the plaintiff, Arthur O'Dell, against V. T. Stowers, C. A. Herndon, John B. Pollard, and his wife, Frances K. Pollard, in the district court of Moore county, Tex., and, upon agreement of the parties, the case was transferred by the court to the district court of Dallam county, Tex.

The plaintiff alleges that about June 25, 1923, John B. Pollard purchased from Noel and Sam McDade all of surveys Nos. 223 and 224 in block 3–T, in Moore county, Tex., subject to the mineral rights of the plaintiff, evidenced by a reservation clause in the deed

by which plaintiff, on August 13, 1921, conveyed said two surveys to the McDades; that John B. Pollard and wife, after said surveys were deeded to them by the McDades, desired and sought to obtain a loan and give as security therefor a lien on said two surveys of land; that they executed a deed of trust lien on said surveys to secure the loan, but the parties lending the money refused to accept such lien and consummate the loan unless and until the reservation of the mineral rights, as evidenced in the deed made by plaintiff to the McDades, covering said survey No. 223, was released or the mineral rights conveyed to John B. Pollard; that, in order to assist Pollard to close the loan, plaintiff and his wife agreed to and did execute a mineral deed, conveying all of the minerals upon and under said survey 223 to the said Pollard, on the express agreement that Pollard and his wife, after the loan was consummated, would, by a royalty deed, reconvey to plaintiff all the oil, gas, and other minerals upon and under the northwest one-fourth and the southeast one-fourth of survey 223 and the northwest one-fourth and the southeast one-fourth of survey 224, for a period of time continuing until August 13, 1941, and so long thereafter as oil, gas, or other minerals were produced therefrom in paying quantities; that, at the expiration of said period, and after production had ceased, the title to the oil and gas and other minerals should revert to, and be vested in, John B. Pollard, his heirs and assigns; that it was also agreed that such royalty deed, to be executed to plaintiff by the said Pollards, should entitle plaintiff to receive all of the future rentals paid by virtue of oil leases upon said land, and give the right of ingress and egress for the purpose of developing oil, gas, and other minerals upon the lands covered by said royalty deed, which was to be recorded as soon as the loan was consummated; that, in pursuance to said agreement, John B. Pollard and his wife did execute a reconveyance to plaintiff, by which they attempted to reconvey the oil, gas, and minerals in and under said above-described quarter sections of land, together with the future rentals to be paid by the lessees in the then existing leases against said land, with the right of ingress and egress for the purpose of developing said land. Such royalty conveyance or instrument is attached to and made a part of plaintiff's petition. That, in drawing and executing the instrument conveying to plaintiff the oil, gas, and minerals, there was a mutual mistake made by the parties thereto, in the instrument stating: "Together with all interest in all future rents for said term," as there was omitted, following the word "term," the language, "shall be owned by the said Arthur O'Dell"; that said omission was made by the mutual mistake of the plaintiff and John B. Pollard and his wife, in the drawing and execution of said instrument above described, it being the intention and understanding of the parties that all the oil, gas, and other mineral rights, and the future rentals, should be owned by the plaintiff; that, on or about March 30, 1925, John B. Pollard conveyed all of said surveys Nos. 223 and 224 to V. T. Stowers and C. A. Herndon, but such conveyance was made subject to a certain royalty deed executed by John B. Pollard and his wife to plaintiff, which instrument is of record in volume 25, page 249 of the Deed Records of Moore county, Tex.; that V. T. Stowers and C. A. Herndon, at the time they purchased said land from Pollard and his wife, were advised and had knowledge and notice that plaintiff was the owner of the oil, gas, and other minerals upon and under the northwest one-fourth and the southeast one-fourth of each of said sections, and that Pollard and his wife had conveyed the same to plaintiff, and Stowers and Herndon were put on such notice that, if their information had been pursued, they would have ascertained and known that plaintiff was the owner of the mineral rights in said quarter sections; that V. T. Stowers and C. A. Herndon are asserting claim to said mineral rights to said quarter sections, and refuse to reform the instrument under which the plaintiff holds, and this suit is brought to reform said instrument, so as to conform to the intention and agreement of the plaintiff and John B. Pollard and his wife.

Plaintiff prays for a judgment reforming said instrument in the particular alleged, and divesting Herndon and Stowers of any rights they are asserting to the oil, gas, and other minerals, and vesting such mineral rights in said quarter sections of land in plaintiff, and for such other and further relief, general and special, in law and in equity, to which plaintiff may show himself entitled.

John B. Pollard and his wife appeared, but urged no defense, and the disposition made of them by the judgment is not questioned.

The defendants V. T. Stowers and C. A. Herndon answered by general demurrer, special exceptions, general denial; denied any notice or knowledge of the facts alleged in plaintiff's petition other than what was disclosed by the Deed Records of Moore county, Tex.; alleged that they purchased the land in good faith; and pleaded the statute of frauds. By way of cross-action against the plaintiff, said defendants also alleged that the royalty deed or instrument from John B. Pollard and his wife to plaintiff, the correction of which was sought, was invalid, and that said alleged instrument, of record in the Deed Records of Moore county, Tex., is a cloud upon their title, and assert their right to have such instrument canceled and the cloud created thereby removed from their title; that the record of said instrument, as it now appears upon the records, has been

changed by some unknown parties since it was originally recorded. A certified copy of the instruments taken from the record of Moore county is attached to, and made a part of, the cross-action of the defendants. They assert that they are entitled to have a judgment correcting the instrument, as the records now reveal it, and ask that the cloud created by the instrument and its record be removed from their title, and that they have general relief, both in law and in equity.

The plaintiff, in reply to the answer and cross-action of the defendants, demurs generally, and pleads general denial.

In reply to defendants' cross-action, seeking affirmative relief against the plaintiff, plaintiff pleads that the instrument, under which he holds and the correction of which he sought, conveys to him the oil, gas, and other minerals under and upon the land in controversy, together with the right of ingress and egress thereupon, for a period of time to August 13, 1941, and so long thereafter as such minerals may be produced in paying quantities from said land, and that, at the expiration of the time stipulated in said instrument, the title thereto should revert to John B. Pollard, his heirs and assigns, and that such instrument should be so construed by the court; that, at the time of the execution of such instrument, conveying the minerals to plaintiff, there existed an oil and gas lease executed by plaintiff, in favor of the Empire Oil & Gas Company, covering the northwest one-fourth of survey No. 223 and the southeast one-fourth of survey 224, and, at the time John B. Pollard and his wife executed the royalty deed to plaintiff, the parties did not know that the Empire Oil & Gas Company had abandoned and released its right under its lease contract, and the reference to said oil and gas lease caused the ambiguity in the instrument sought to be corrected. He again alleges notice to the defendants and that, if there were any changes in the record of the instrument, made after it was recorded, such changes were made by the officer recording the instrument, without plaintiff's knowledge or consent, and did not, in any way, affect the validity of the instrument. He prays for reformation of the instrument, as in his original petition, and, in the alternative, that the court construe the instrument so as to vest in plaintiff the title to the minerals therein described, with the right of ingress and egress for the length of time provided in such instrument, and to quiet his title to such minerals, and to divest defendants of such right and title as the instrument conveyed to him, and for relief, both general and special, in law and in equity.

To plaintiff's supplemental petition, in reply to defendants' answer and cross-action, the defendants, by supplemental answer, demurred, because in the supplemental petition of plaintiff he asked the court to construe the instrument under which he held, and in his original petition asked a reformation of such instrument; hence, the relief sought in the supplemental petition was inconsistent with that asked in the original petition; that it constituted a misjoinder of causes of action; that, before such instrument should be construed, all necessary parties should be before the court, and, plaintiff having conveyed, or attempted to convey, to various parties a portion of the mineral rights in controversy, all of such parties should be brought into the suit.

The case was tried before the court without the intervention of a jury. Plaintiff was denied a reformation of the instrument, and judgment rendered, in favor of plaintiff and against the defendants Stowers and Herndon, that plaintiff have and recover all of the oil, gas, and other minerals in and under the land involved in this suit, together with the right of ingress and egress, for the period of time extending to August 13, 1941, and as long thereafter as oil, gas, or other minerals may be produced therefrom, from which judgment the defendants Stowers and Herndon, as appellants, prosecute this appeal against the plaintiff, Arthur O'Dell, as appellee.

The instrument or royalty deed, in so far as necessary to a consideration of the questions presented, was executed on the 16th day of October, 1923, by John B. Pollard and his wife, and granted and conveyed to appellee, his heirs and assigns, all interest in and to all the oil, gas, and other minerals in and under, and that may be produced from, the land involved in this controversy, to August 13, 1941, and so long thereafter as such minerals might be produced in paying quantities from said land, and, at the expiration of the period of time provided in the instrument, the mineral rights were to become the property of John B. Pollard, his heirs and assigns; that the northwest quarter of survey 223 and the southeast quarter of survey 224 were under lease, but the royalty and gas rentals due, and to be paid, under said lease were conveyed to the appellee.

The instrument then contains this paragraph: "It is understood and agreed that all of the money rentals which may be paid to extend the term within which a well may be begun under the terms of this lease is to be paid to the grantee, and in the event that the above described lease, for any reason, becomes cancelled or forfeited, then and in that event, all of the lease interest and all future rentals on said land, for oil, gas and other minerals, in and under said lands, together with all interest in all future rents for said term." To this clause, appellee, by his suit for reformation, sought to add: "Shall be owned by Arthur O'Dell."

The appellants urge as error the action of the trial court in overruling their general demurrer to appellee's original petition.

We have set out rather at length the allegations contained in the original petition, and, in our opinion, it is sufficient against a general demurrer, especially when construed with the instrument attached to, and made a part of, the petition, Business Men's Mutual v. Lockhart (Tex. Civ. App.) 291 S. W. 658, and indulging, as the law requires, every intendment in favor of the petition, Karnes v. Barton (Tex. Civ. App.) 272 S. W. 317. The court refused to grant appellee a reformation of the instrument which was the relief sought in the original petition, and in no event were appellants injured by such ruling.

Appellants also present as error the action of the trial court in overruling their demurrer to appellee's supplemental petition, because, by the supplemental petition, the appellee asked the court to construe the instrument, and in the original petition asked the court to reform such instrument, and the relief sought was so inconsistent as to constitute a misjoinder of causes of action.

The appellants having filed a cross-action or cross-bill against the appellee in which they urge the invalidity of the instrument, and asked that it be canceled as a cloud upon their title, appellee was entitled to plead the validity of such instrument, and the court was authorized to construe it, determine the rights of the parties, and grant appellee affirmative relief as prayed for in his answer to the cross-bill, if warranted by the facts.

"It is well settled in this state that a plea in reconvention or cross-bill occupies the same attitude as an independent suit, so that the discontinuance of the main suit will not affect the reconvention or cross-bill. The defendant in the main suit is plaintiff in the cross-bill, and the plaintiffs in the main suit, against whom the cross-bill is filed, occupy the position of defendants with reference to that pleading." Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172.

This was not a partition suit, and the appellants, on their cross-action, occupying the position of plaintiffs, could have impleaded the party to whom the appellee had deeded a portion of his oil and gas rights, but such party was not a necessary party to authorize the judgment rendered by the court. Silberberg et al. v. Pearson et al., 75 Tex. 287, 12 S. W. 850; Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S. W. 134; Security State Bank v. Merritt (Tex. Civ. App.) 237 S. W. 990.

The record discloses that the instrument involved in the suit was executed October 16, 1923, and recorded in the Deed Records of Moore county, Tex., on the 3d day of November thereafter; that the deed to appellants by John B. Pollard was dated March 30, 1925, and filed for record April 7th thereafter in the Deed Records of Moore county; that appellants were advised, on March 13th, in a written opinion by their attorneys, that the record disclosed that there was a deed from John B. Pollard and his wife to the appellee, conveying the mineral rights to the quarter sections of land in controversy until August 13, 1941, and so long thereafter as minerals, oil, or gas were produced therefrom in paying quantities.

The other assignments do not present reversible error, and the judgment of the trial court is affirmed.