**NEELY v. NEELY et al.**

No. 12700.

Court of Civil Appeals of Texas. Fort Worth.

June 11, 1932.

Rehearing Denied Sept. 24, 1932.

928

McLean, Scott & Sayers and Glover Johnson, all of Fort Worth, for appellant.

Billingsley & Billingsley, of Fort Worth, for appellees.

CONNER, C. J.

Appellant W. S. Neely on June 5, 1931, filed in the Forty-Eighth district court of Tarrant county the petition hereinafter quoted. The defendant answered by a general demurrer and a general denial. The court sustained the general demurrer and dismissed the suit. The plaintiff declined to amend and has duly prosecuted this appeal from the court's orders.

The petition referred to reads as follows:

"W. S. Neely, plaintiff, with permission of the court first had and obtained, files this his first amended original petition in lieu of his original petition heretofore filed herein, and complains of J. R. Neely, Eula Wilson and husband, S. B. Wilson, Callie Boon and husband, Sumpter Boon, Lucy Bradshaw and husband, W. H. Bradshaw, and E. C. Neely, defendants, all of whom have appeared and answered herein, and shows:

"1 That plaintiff resides in Tarrant County, Texas, that defendant, J. R. Neely, resides in Wichita County, Texas, and that the other named defendants reside in Tarrant County, Texas.

"2. That plaintiff is the owner in fee of the following described property located in the State of Texas and county of Tarrant, to wit:

"First tract: Lots eighteen (18), Nineteen (19) and twenty (20) in block seven (7) of John C. Ryan's South Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof of record in the office of the County Clerk of Tarrant County, Texas.

"Second Tract: Lot Twenty four (24) in Block eleven (11) of John C. Ryan's South Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof of record in the office of the county clerk of Tarrant County, Texas.

"Third Tract: Lots Twenty-three (23) and twenty four (24) in block six (6) of John C. Ryan's South Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof of record in the office of the county clerk of Tarrant County, Texas.

"Fourth Tract: Lots one (1) and two (2) in block six (6) of John C. Ryan's South Addition to the City of Fort Worth, Tarrant County, Texas, according to the plat thereof of record in the office of the county clerk of Tarrant County, Texas.

"Fifth Tract: Lots thirteen (13) and fourteen (14) in block twenty-six (26) of Homeland Addition to the city of Fort Worth, Tarrant County, Texas, according to the plat thereof of record in the office of the county clerk of Tarrant County, Texas.

"3. That heretofore, towit, during the year 1912 the plaintiff and defendants entered into a certain contract in writing reading as follows, towit:

" 'State of Texas, County of Tarrant.

" 'Know All Men By These Presents:

" 'That this agreement made and entered into by and between W. S. Neely, Party of the first part, and J. R. Neely, S. B. Wilson and wife, Eula Wilson, Sumpter Boon and wife, Callie Boon, W. H. Bradshaw and wife, Lucy Bradshaw, and E. C. Neely, parties of the second part, all of the county of Tarrant, Texas.

" 'Witnesseth: That in consideration of all the parties of the second part agreeing to sign a deed transferring One Hundred and Fifty-three (153) acres of the Maples Survey and seven (7) acres of the Leath Survey, One Hundred (100) acre tract of the Fernandez Survey, all being the land sold to G. W. Harris of Dallas County, Texas, said first party agrees to pay to each of the five (5) heirs when this sale is consummated or the deal is closed up Five Hundred ($500.00) dollars in cash each, said second parties all agree that the first party shall keep in his possession the balance of the funds, either cash or notes, as the proceeds of the said sale re-

ferred to above, use same as he secs fit during his lifetime.

"'In consideration of the covenants and agreements and concession made by the second parties hereto, said first party agrees that he will not discriminate against any of the second parties in the division of his estate, either by will or otherwise, in other words, party of the first part desires that at his death each child shall get his pro rata in the estate that he may have accumulated during his lifetime or owns at his death.'

"That defendants made no claim under and by virtue of the above and foregoing contract until some time in the early part of the year 1920, at which time they for the first time caused said contract to be acknowledged by themselves and placed of record in the Deed Records of Tarrant County,· Texas, in vol. 1059 at page 451 thereof. That defendants for the first time early in 1930 and since are claiming that by the terms of said contract plaintiff is not entitled to sell ' any of the above described lands, or to make a will whereby all or any part of said lands may be bequeathed or devised by plaintiff to any person other than defendants. That there would appear to be an ambiguity in said contract, in that according to the contention of defendants, plaintiff is not entitled to dispose of his property either by deed or by will in such manner as to him may seem proper.

"Plaintiff would show that it was never his intention that said contract should be so construed, and that it was never the understanding of himself on the one side and defendants on the other that said contract should be so construed, the real intention of plaintiff on the one side and defendants on the other being and existing at the time of the execution of said contract, to the effect that plaintiff should make no discrimination between defendants, who are all his children, in case he should desire in any will he might make to leave to any of said children any part of such property as he might be the owner of at the time of his death, but it was not the intention or the understanding of the parties to said contract that plaintiff should bind himself to leave to his children any part of any property which he might be the owner of at the time of his death; and plaintiff would show that if said contract does support the contention made by defendants and is susceptible of an interpretation to support such contention by reason of a mutual mistake of fact existing between him on the one side and defendants on the other at the time of the execution of said contract in 1912, and that said instrument does not speak the true understanding and agreement of the parties thereto, and that such error was brought about by said mutual mistake of fact and by the mistake of the scrivener who reduced same to writing.

"5. Plaintiff would show that the claim of defendants in and under said contract of 1912 constitute a cloud upon his title to the above described property and create a doubt in the minds of himself and of all persons who may be in privity with him as to the right of plaintiff to make disposition of said property either by will or by deed in such manner as he may see fit; for the removal of which cloud this suit is now brought.

"6. Plaintiff would further show that by their certain deed of December 9, 1930, defendants conveyed the above described property to plaintiff for a valuable consideration, reciting in said deed that it was the intention of defendants, who were grantors in said deed, to convey all their rights, title and interest in and to plaintiff in order that he might own same in absolute fee simple, and that by reason of the execution of said deed defendants are estopped from making any further claim derogatory to the right of plaintiff to convey or dispose of said lands either by will or by deed in any manner and to any person he may desire.

"7. Plaintiff would further show that it is his intention and purpose during his lifetime to dispose of all or part of said property by deed of gift to his present wife, and that it is his further intention and disposition to soon make a will, by the terms of which he proposes to give to his said wife all such property, real and personal, as he may be possessed of at the time of his death; and that the aforesaid claim on the part of the defendants, to the effect that plaintiff, by reason of said contract of 1912, is effectually barred and prevented from disposing of any of said property or any property that he may hereafter acquire, either by deed of gift to his wife, or by will to any person whomsoever he may desire, constitutes a cloud upon the title to such property as plaintiff now owns and to all other property which he may hereafter acquire, for the removal of which this suit is brought.

"Wherefore, premises considered, plaintiff brings this suit and prays that on trial of this cause he have a decree reforming the aforesaid contract of 1912 so as to make it express the true contract, agreement and understanding of the parties thereto as to the same existed at the time of its execution in 1912 as is hereinabove set forth,· and that the cloud cast upon the title to any and all lands or other property now or hereafter owned or acquired by plaintiff be for ever cancelled and for naught held; and that defendants be decreed to have no right in and to any property, real or personal that plaintiff may now or hereafter own; that plaintiff be decreed to be the possessor of the right to dispose of any property which he may now own or hereafter acquire either by deed for a valuable consideration or by deed of gift or

by will in such manner and to such persons as he may desire, and that he have relief."

Appellees urge the following proposition in support of the trial court's ruling, to wit: "There was no error of the trial court in sustaining defendant's general demurrer to the petition for the reason that plaintiff's petition does not contain within its four walls sufficient legal or equitable grounds as a foundation for a suit in trespass to try title or removal of a cloud, or cancellation or reformation of a valid enforceable written contract concerning the making of a will where the consideration has long since passed and has been accepted by plaintiff."

Under this proposition it is insisted that the petition fails to comply with the requirements for relief in a suit of trespass to try title, or one for removal of a cloud on title, or one for the cancellation, rescission, or reformation of a contract, or one to correct an estate. There is a further contention that the suit is premature.

■ On appeal from an order sustaining a general demurrer to the petition, the facts stated therein, together with all reasonable intendments therefrom, are to be accepted as true. It is to be noted that from the petition appellant W. S. Neely is now the owner in fee simple of the lots therein described situated in the city of Fort Worth; that the contract in writing set out in the petition is supported, both by presumption and by averments, with a valuable consideration; that no claim thereunder by the defendants had been made until the early part of the year 1930; that the defendants have caused the due registration of the contract and claim thereunder that the appellant is not entitled to dispose of his property either by deed or will in such manner as to him may seem proper. It is further alleged, in substance, that the contract is ambiguous and that it was never his intention that it should be so construed as to support the claim of defendants; that the intention of both the plaintiff and the defendants was that plaintiff should make no discrimination between the defendants, his children, in case he, the plaintiff, should desire "to leave to any of said children any part of such property as he might be the owner of at the time of his death," and not that plaintiff "should bind himself to leave to his children any part of any property which he might be the owner of at the time of his death."

It was further alleged that if the contract was susceptible of an interpretation to support the contention of defendants, it was so written unintentionally and brought about by the mutual mistake of the parties to the contract or by the mistake of the scrivener who reduced the same to writing. It was further alleged that it was his intention during his lifetime to dispose of all or a part of his property by a deed of gift to his second wife, and

his further intention to soon make a will by the terms of which he proposed to give to his said wife all his property, real and personal, that he might be possessed of at the time of his death.

According to further allegations of the petition, the contract constituted a cloud upon the title of his property and prayed for a reformation of the instrument so as to correct the ambiguity arising on the face of the contract, and relieve his property from the cloud cast thereon by the asserted claims of the defendants.

We have examined the authorities cited in behalf of appellees in support of their contention, but think they are distinguishable from the case before us. If the contract under the allegations of the petition, construed most favorably, is susceptible of the construction imputed to it in the contention of appellant's children and is upon a sufficient consideration, valid and enforceable in law or in equity, we fail to see why, upon proof of the facts alleged, our courts are without power to grant the relief prayed for.

In the case of Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S. W. 865, it was held that an allegation of title in plaintiff in the lands sued for, and of an adverse claim by defendants, was a sufficient statement of a cause of action, and the case was cited with approval in the opinion of Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S. W. 134.

But this suit is not one in trespass to try title in its technical sense, but instead is one in its nature to quiet title of the plaintiff, and hence not demurrable on the ground that it lacks some of the statutory requirements of a suit in trespass to try title.

■ In Thomson v. Locke, 66 Tex. 383, 1 S. W. 112, it is said, in substance, that considered technically a suit to quiet title is limited to cases in which a person in possession seeks relief against one who has repeatedly and without success sought to obtain possession by the common-law action of ejectment. But the suits to quiet title contemplated by the statute regulating the venue of suits are of broader purpose, embracing suits founded even on equitable title instituted to remove cloud from such title, and suits necessary, as occasion may require it, to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.

In Dangerfield v. Paschal, 20 Tex. 536, it is held, in substance, that a suit to quiet title is in the nature of a bill of peace, "which is brought by a person to establish and perpetuate a right which he claims, and which, from its nature, may be controverted by different persons, * * * and by different actions."

We need not review at length cases which are numerous to the effect that in equity mutual mistakes of the parties or of the scriven-

er who may write a contract, which has the effect of materially changing the intention of all parties thereto, may be corrected. As said in Texas Digest, vol. 12, p. 913: "The jurisdiction or powers of courts of equity to relieve against mistake has always been recognized and where because of mistakes a contract or transaction is different from that intended by the parties, equity will interpose to prevent manifest injustice," citing cases.

■ The question therefore presents itself: Is the contract set forth in the plaintiff's petition between appellant and his children a valid and enforceable contract which by reason of ambiguity, or otherwise, will operate as a cloud upon the title of the real property described in the petition and alleged to be owned by appellant in fee simple?

In 40 Cyc. p. 1063, it is said: "A person may make a valid contract to dispose of his property by will in a particular way, and such contract will be enforceable, if he has the capacity to contract, and if the contract is fair and equitable and possesses the usual essentials, such as a valid consideration, acceptance of its terms showing a mutual agreement thereto, certainty and definiteness in its terms and in the designation of the promisee. * * *"

In the case of Whiton v. Whiton, 179 Ill. 32, 53 N. E. 722, the Illinois Supreme Court held that a contract of a mother to make a will dividing her property equally among her children was enforceable.

The Supreme Court of Vermont, in an opinion reported in Smith v. Pierce, 65 Vt. 200, 25 A. 1092, held that a written contract by an owner of property, who died intestate, to give the plaintiff in the suit all of his property if she would take care of him all of his life, was enforceable.

In the case of Teske v. Dittberner, 70 Neb. 544, 98 N. W. 57, 113 Am. St. Rep. 802, the Supreme Court of Nebraska held that an agreement upon sufficient consideration to devise or bequeath property is valid and enforceable, and that in such case equity will impress a trust upon the property which will follow it into the hands of the personal representatives of the promisor or grantee without consideration.

In Taylor v. Mitchell, 87 Pa. 518, reported in 30 Am. Rep. 383, it was distinctly held that a sealed agreement for a valuable consideration not to make a will to the prejudice of the rights of the covenantor's heirs in his estate was valid.

In the case of Jordon v. Abney, Adm'r, 97 Tex. 296, 78 S. W. 486, 489, in an opinion by Judge Williams, it is said (loc. cit. page 304 of 97 Tex., 78 S. W. 486) that: "A contract between two persons, upon valuable consideration, that one will, at his death, leave property to the other, is enforceable, where no statute is contravened, is held by an almost unbroken current of authority, English and American. Such contracts, when sufficiently certain, have been held valid and enforceable, in equity as well as at law, whether they provide for the payment of money, or the leaving of specific property, or of all or a moiety of that which the obligor should leave at his death. They have usually been put in the form of agreements to bequeath by will, but this has not been regarded as an essential feature; agreements to leave the property, or that the obligee should have it at the death of the obligor, being held sufficient."

As a whole and as presented in the petition, the contract is of a character to at least cast doubt upon the title of appellant to his real property and impede its free and unincumbered alienation. If so, the cloud upon the title thereby cast falls well within that class of cases of which courts of equity take cognizance.

We accordingly conclude that appellant is at least entitled to a hearing upon the issue of mutual mistake tendered in his pleadings, and that hence the petition under consideration is good as against a general demurrer, and that therefore the judgment below should be reversed and the cause remanded.