ATWELL et al. v. TALK et al.

No. 9629.

Court of Civil Appeals of Texas. Austin.

April 23, 1947.

Rehearing Denied May 14, 1947.

Sam Holland, of Athens, for appellants.

Powell, Wirtz, Rauhut & Gideon and W. S. Gideon, all of Austin, for appellees.

BAUGH, Justice.

Appeal is from an order sustaining appellees' plea of privilege to be sued in Harris County, the county of their residence. Appellants as plaintiffs sued appellees in trespass to try title to varying undivided interests in numerous tracts of lands in Milam, Falls, Gillespie, Llano, and Robertson Counties. The description contained in the original petition was the same as that contained in the inventory of the estate of Lillian Bond Sneed, deceased. To this petition the appellees as defendants filed a general denial, plea of not guilty, pleaded the 3, 5, 10 and 25 year statutes of limitation, and prayed affirmatively that the court remove, as clouds upon their title, the claims asserted by plaintiffs. In such cross plea the lands were described only as the lands "claimed in plaintiffs' petition."

Thereafter the appellants filed an amended petition, in which they abandoned all claims to lands in Gillespie, Llano and Robertson Counties, described by metes and bounds the tracts in Milam and Falls Counties, and reduced the quantum of the undivided interests claimed in the several tracts below that asserted in this original petition; and pleaded more in detail their claim of title, including, among other things, a lost deed alleged to have been executed in 1941 by Lillian B. Sneed, prior to her decease. To this latter petition appellees, without withdrawing their pleas and cross-action to the original petition, filed their plea of privilege to be sued in Harris County, which was by the court sustained and judgment entered transferring the entire case to Harris County; hence this appeal.

Two contentions are here presented:

1. That by their answer to the original petition and prayer for affirmative relief, appellees waived, as against the amended petition, their privilege to be sued in Harris County.

2. That since venue was properly laid in Milam County as to lands therein located; and proof as to plaintiffs' title to the lands located in both Falls and Milam Counties would be identical, venue would lie in Milam County as to all of the lands sued for.

The first proposition depends upon whether or not appellants' amended petition asserts a new cause of action. The appellees' contention that it did is based upon the inadequate descriptions contained in the original petition of the lands in question. Of the five tracts located in Milam County, four of them were described as being merely a stated number of acres of land, "out of" a larger survey, without indicating the total number of acres in the larger survey, in what portion of it the land claimed was located, or giving any data whatever whereby said lands could be located or identified. The same character of description was also used as to all tracts located in Falls County. Such a description fails wholly to meet the requirements of Texas Rules of Civil Procedure, Rule No. 783, formerly Art. 7366 R.C.S., that such petition contain "a description of the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered, * * *." The courts have held that such a description renders the petition fundamentally and fatally defective; a conveyance with only such a description void for uncertainty; and that extrinsic evidence is inadmissible to aid such a description. Tram Lumber Co. v. Hancock, 70 Tex. 312, 7 S.W. 724; White v. Glenn, Tex.Civ.App., 138 S.W.2d 914; Stovall v. Finney, Tex. Civ.App., 152 S.W.2d 887; 41 Tex.Jur. § 97, p. 580.

■ Consequently as to the Falls County lands and the four tracts in Milam County so described, the original petition was fatally defective; and appellees' answer and cross-action which merely referred to the same description and added nothing thereto by which to identify same, would likewise be fatally defective as an affirmative pleading and could not be interpreted as, or held to be, a waiver by appellees of venue rights or privileges thereafter asserted by them.

■ However, both the original and amended petitions were clearly actions in trespass to try title, between the same parties in which the same character of ultimate relief was sought. The fact that the amended petition pleaded more in detail the plaintiffs' chain of title does not alter the nature of the suit. Nor does the change in the quantum of the undivided interest asserted in the original petition to a lesser undivided interest asserted in the amended petition amount to a change in the cause of action. For that matter plaintiffs, under a claim to the entire title, could have recovered any part of an undivided interest to which they might show themselves entitled. T.R.C.P. No. 802, old Art. 7386, R.C.S.; 41 Tex.Jur. § 103, p. 587.

■■ The original petition was clearly sufficient to adequately identify one tract of land in Milam County. Appellees so admit. As to it, therefore, both the original petition and appellees' cross-action for affimative relief definitely fixed the venue in Milam County; and such venue as to that tract was not defeated by a more detailed

description of such tract in the amended petition. Venue having been properly invoked as to a given tract in Milam County, it would, under Art. 1995, Sub. 14, properly lie in that county as to all lands therein situated, whether included in, or adequately described in, the original petition or not.

As to the particular tract located in Milam County, not only was venue properly laid in that county, but appellees, by seeking affirmative relief by cross-action in their original answer, which prayer was never withdrawn nor dismissed, clearly waived their rights, if any such they ever, had, to have the venue changed as to that tract of land. McClintic v. Brown, Tex. Civ.App., 212 S.W. 540; 43 Tex.Jur. § 136, p. 882. Clearly, therefore, the trial court erred in transferring the case to Harris County, in so far as the Milam County lands are concerned.

■ A different question is presented as to the Falls County lands. They consisted of separate and distinct tracts located several miles distant from the Milam County lands. The general rule in such cases appears to be that, as against pleas of privilege seasonably filed, venue lies in each county only as to the lands located in that county. Martin v. Robinson, 67 Tex. 368, 3 S.W. 550; 43 Tex.Jur. § 28, p. 744. The rule announced in Martin v. Robinson was followed with approval by the Supreme Court in the recent case of Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69; and we think controls the instant case.

Appellants, however, seek to apply the holding of the Supreme Court in Heirs of Tevis v. Armstrong, 71 Tex. 59, 9 S.W. 134, wherein the court distinguished that case from Martin v. Robinson, and announced the rule, stated in the syllabus as follows: "In an action to try title to two tracts of land, one of which is in the county where the action is brought, and the other in another county, R.S.Tex. Art. 1198, par. 1/3, [Vernon's Ann.Civ.St. art. 1995, subd. 14], providing that a suit regarding land shall be brought in the county where it lies, does not apply where the rights of all the parties are identical in the two tracts, and the adjudication as to the ownership of one tract necessarily determines the other."

■ If it be conceded that that holding still prevails, and is not overruled by the decision in Cowden v. Cowden, supra, still we are of the opinion that if such rule be given full force and effect, it does not apply in the instant case to the lands situated in Falls County. While the appellants did allege that the title of all parties, both appellants and appellees, flow from a common source (the will of J. T. Sneed, who died in 1912); it is apparent from both pleadings and the evidence that not only did the plaintiffs assert a different undivided interest in and to the Milam County lands from that asserted in and to the Falls County lands, but that their claims as to the Falls County lands are asserted against different parties, some of whom were not made parties to this suit, from those against whom title is asserted to the Milam County lands. Further, that both the quantum of interest and the proof required to establish it in and to the Falls County lands, are different from that essential to establish title to the Milam County lands. We shall not prolong this opinion by undertaking to set out and distinguish the proof essential to establish appellants' claims in and to the lands in the different counties. Suffice it to say, as above stated, that the record made on the hearing of the plea of privilege shows that the claims of title of both the appellants and the appellees to the lands in these respective counties are not identical; and the adjudication of the title to the lands in one county would not be determinative of the title to the lands in the other county. Consequently the rule relied upon by appellants, and as set forth in Heirs of Tevis v. Armstrong, supra, does not apply to the facts of the instant case. That being true, and the appellees not having waived their privilege to be sued in Harris County so far as the Falls County lands were concerned, the trial court properly sustained their plea of privilege to that extent.

It follows from the foregoing that the judgment of the trial court transferring the cause of action to the District Court of Harris County is correct in so far as the lands situated in Falls County are concerned. However, the District Court of Milam County clearly had jurisdiction and venue over the lands situated in that county,

and the trial court erred in transferring the case in so far as the Milam County lands were concerned. The judgment of the trial court, therefore, as to the lands situated in Falls County is affirmed. As to the lands situated in Milam County said judgment is reversed and the cause remanded for trial.

Affirmed in part and in part reversed and remanded.