## Moorhead *versus* Fry.

1. Where two persons enter into a contract, and after part performance by one the other denies its existence, and gives notice of his intention to disregard it, the party not in default may at his option perform fully and enforce the contract, or consider it at an end, and recover for part performance.

2. A person agreed with the plaintiff that if the latter would live with the former and his wife and serve them as long as they lived, the plaintiff was to have, as long as he lived, all the property they left at their death. The plaintiff continued to live with the husband and wife for above ten years, when the husband died, leaving a will by which he devised to his wife the use of all his estate during her life, providing that the plaintiff should live in the house with her and enjoy with her the proceeds of the estate, during her life, and after her death, in case the plaintiff survived her, he should receive annually so much of the estate as, with his own industry, would in the discretion of the executor be necessary for his support, the allowance to cease on *his* marriage. The residue of the estate, after the death of the wife was devised to other persons and to religious or charitable uses.

*Held* that the will was in violation of the contract, and that the plaintiff not being in default, could recover by suit against the executor what his services were reasonably worth.

[Moorhead *v.* Fry.]

ERROR to the Common Pleas of *Westmoreland county.*

This was an action in case to August Term, 1852, by Philip Fry *v.* Joseph Moorhead, executor of the will of James Nelson, deceased, to recover a *quantum meruit* for his work, labor, and services.

About fourteen or fifteen years before the trial, Fry, the plaintiff, agreed to live with Nelson and his wife, and serve them as long as they lived; and in consideration of his services, upon their death, he was to have, as long as he lived, all the property they left.

Fry continued to live with Nelson and wife until some time in 1852, when Nelson died, leaving his wife surviving, and who was living at the time of the trial. Nelson, however, made a will, dated 3d October, 1848, by which he devised all of his property, real and personal, to his wife for life; and providing that Fry should continue to live in the house with her, and enjoy with her the proceeds of his estate during her life; and that after her death, if Fry survived her, he was annually to receive out of the estate what, with his own industry, would be necessary for his support; but this allowance, the amount of which was to be at the discretion of the executor, was to cease in case of his marriage. The testator devised his estate over to other persons, and for religious or charitable uses.

On part of the *defendant* the Court was requested to charge, *First,* That the plaintiff could not recover, as he had not shown either performance of his agreement, or that the time had come at which he was to have the compensation alleged; 2. That as the widow was living, the plaintiff was not entitled to recover; 3. That until her death there could be no breach of the contract.

BURRELL, J., negatived the points, charging that the disposition by the testator of his property was at variance with the terms of the contract, and that being a violation of it, Fry had the right to consider it as rescinded, and might sue and recover such sum as his services till the death of the testator were reasonably worth.

April 18, 1854, verdict for plaintiff for $2213.12.

The answers and the instruction were assigned for error.

*Cowan* and *Marchand,* for plaintiff in error.

*Foster,* for defendant in error.—By the will of Nelson, Fry was deprived of having the benefit of the contract on the death of the wife. By the will, the property was not disposed of in accordance with the contract; as on the wife's death, Fry was to get only what, together with his own industry, would support him; and the amount to be appropriated was to be at the discretion of the executor. It is a rule of law, that in contracts of this kind, where either of the parties declare that the contract shall not be executed

[Moorhead v. Fry.]

as made, the other party may elect to treat it as rescinded, and claim damages for the breach. Fry was not obliged to continue his services till the death of the wife.

The opinion of the Court was delivered, December 11, by

KNOX, J.—The legal principles applied to this case by the learned judge before whom it was tried are free from objection.

The will of defendant's testator was in clear violation of the contract made with the plaintiff below. After the contract was so plainly disregarded by the decedent in his lifetime, it cannot be interposed by his executor to prevent a recovery by Fry for the value of his services.

It will not do to aver the inability of Nelson to set aside the contract, as a reason why his attempt to do so will not authorize Fry to treat it as rescinded, and recover for his labor upon a *quantum meruit*. Where two persons enter into a contract, and after part performance by one, the other denies its existence, and gives notice of his intention to disregard it, the party not in default may at his option perform fully and enforce the contract, or consider it at an end and recover for part performance.

                                        Judgment affirmed.