## Taylor *versus* Mitchell *et al.*

C., by an agreement under his hand and seal, for a valuable consideration, covenanted that he would not by deed, mortgage, sale, judgment, devise or otherwise, prejudice or interfere with the rights of his heirs-at-law as to their free and equal share in all his real estate, but that the same should remain free and uncontrolled, to be divided equally amongst all his legal heirs. C. subsequently made a will, wherein he devised his real estate to certain heirs, but did not include T. therein. T. brought ejectment to recover his interest as one of the heirs of C., under the agreement. *Held,* reversing the court below, that he could recover.

November 6th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON and TRUNKEY, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1878, No. 235.

Ejectment by Carson W. Taylor, by his guardian, William S. Taylor, against Robert Mitchell, John Carson, John R. McFadden and William H. Carson, for the individual fourth part of a lot of ground in the city of Allegheny.

The lot in dispute was conveyed to Wm. Carson, in fee, by Stephen Caldwell and wife by their deed, dated September 26th 1841, and the said Wm. Carson being in possession of the same until his death in the year 1871, died, seised in fee simple of said lot, leaving issue as his heirs-at-law, two sons, to wit: Wm. H. Carson and John Carson; one daughter, to wit: Nancy McFadden; and one grandson, to wit: Carson W. Taylor, the plaintiff. The defendants claim title to the whole of the lot under the last will and testament of the said Wm. Carson, dated August 18th 1869, probated August 28th 1871, devising said lot, inter alia, to John Carson, Wm. H. Carson and John R. McFadden. The said John Carson and Nancy McFadden, being children of the said William Carson's first wife, and the said William H. Carson being a son, and John W. Taylor being a grandson by his second wife. Robert Mitchell was the lessee of these devisees.

The plaintiff claimed one-fourth interest in said property, by virtue of the following agreement, which was duly recorded:—

"Whereas, John Carson and wife and John R. McFadden and

[Taylor v. Mitchell.]

Nancy, his wife, have this day executed to James Old, of McClure township, Allegheny county, a release of all the right, title, interest and claim of them, of, in and to a certain tract of land in the said reserved tract, opposite Pittsburgh, in the county of Allegheny, being part of out-lots Nos. 217 and 218, in said reserved tract, and containing two acres and 71 9-100 perches, the title of which was in them through their mother Nancy, late Nancy Bennett, without consideration whatsoever from me and for my benefit. Therefore, know all men by these presents, that I, William Carson, in consideration thereof, hereby covenant and agree to and with the said John Carson and Nancy McFadden, that I shall not, nor will I by deed, mortgage, sale, judgment, devise or otherwise, prejudice or interfere with the rights of the said ·John Carson and Nancy McFadden, as my heirs-at-law, as to their free and equal share in all my real estate, but the same shall remain free and uncontrolled, to be divided equally amongst all my legal heirs, including the said John and Nancy, at my decease.

Witness my hand and seal this 5th day of August, A. D. 1862.
　　　　[Signed]　　　　　WILLIAM CARSON. [L. S.]
Witnesses, S. B. W. GILL, JOHN DYER."

The verdict was for the plaintiff, subject to the opinion of the court on the question of law reserved whether the plaintiff had title by reason of the foregoing agreement. If the court should be of opinion that he had, judgment was to be entered on the verdict, but if not, then for defendants *non obstante veredicto.*

The court entered judgment for the defendants, which was the error assigned.

*R. & S. Woods*, for plaintiff in error.—For a valuable consideration paid, this paper is a declaration of trust by William Carson that he would die seised of the real estate he then owned, so that the same should remain free and uncontrolled, and be divided equally amongst all his legal heirs. It was a covenant to stand seised for the use of his children and grandchildren : Fisher *v.* Strickler, 10 Barr 348 ; Vanhorn's Lessee *v.* Harrison, 1 Dall. 137 : Statute of Uses and Trusts, 27 Hen. 8, ch. 10 ; Roberts's Dig. 404–10.

*S. H. Geyer*, for defendants in error.—The instrument was testamentary and was revoked by the subsequent will : Turner *v.* Scott, 1 P. F. Smith 134 ; Scott *v.* Scott, 20 Id. 244.

When a covenant is made by one man for the benefit of another, the action must be brought in the name of the party to whom it was made, and not by him for whose benefit it was made : Strohecker *v.* Grant, 16 S. & R. 237 : 3 Parsons on Contracts, 5th ed., 361.

[Taylor *v.* Mitchell.]

Mr. Justice TRUNKEY delivered the opinion of tne court, January 6th 1879.

William Carson s deed, dated 5th August 1862, is so far from being testamentary that it contains his covenant not to devise his real estate. The sole question is, whether that covenant shall prevail against his will.   A valuable consideration is set forth, namely, a conveyance, for the benefit of said William, by John Carson and Nancy McFadden, of their title and interest in a tract of land which they inherited from their mother; and, for that, said William covenanted, " that I shall not, nor will I by deed, mortgage, sale, judgment, devise or otherwise, prejudice or interfere with the rights of the said John Carson and Nancy McFadden, as my heirs-at law, as to their free and equal share in all my real estate, but the same shall remain free and uncontrolled, to be divided equally amongst all my legal heirs, including the said John and Nancy, at my decease."   The plain meaning is, that for a valuable consideration, the covenantor agreed to hold his real estate unencumbered, free, and uncontrolled, to be divided amongst his heirs.   Had he contracted, for same consideration, to sell his land and give possession at his death, and make provision for conveyance, after his decease, to such persons as should be his heirs, the intent would not be more obvious.   For purpose of reaching the like end he covenanted to stand seised to the use of his heirs.

John Carson and Nancy McFadden were children of William, who also had two other children by his second wife.   That natural love and affection of the parties to this deed, for the other children, likewise moved them to so stipulate, is manifest from the relationship; and were such motive necessary, it is not essential that it be expressed: Fisher *v.* Strickler, 10 Barr 348.   Little need be predicated of this farther than showing one object of the covenantees was prevention of the very thing attempted upon the plaintiff.

William Carson died seised of the land, and the devisees stand in his shoes.   They are not innocent third persons.   Had he died intestate his heirs could not violate the contract; no matter if the deed is not, in strictness, within the statute of Uses and Trusts, 27 Hen. 8, and the conveyances which sprung up in consequence thereof.   The consideration was not money, necessary to a *bargain and sale*, nor blood or marriage, necessary to a *covenant to stand seised to uses*; but it was a valuable one, and between the parties and privies, sufficient to support a contract to hold the land for use of his heirs, their possession to commence at his death.   Each party, equitably interested, can recover his portion, in his own name, and is not bound to resort to a personal action for damages.

Judgment reversed, and judgment is now entered for the plaintiff upon the verdict.