Scranton Coal Company *v.* Scranton, Appellant.

Argued January 24, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jerome I. Myers,* with him *A. A. Vosburg,* City Solicitor, and *A. S. Rosenberg,* Assistant City Solicitor, for appellant.

*M. J. Martin,* for appellee.

PER CURIAM, March 19, 1934:

The City of Scranton appeals from a decree of the Court of Common Pleas of Lackawanna County awarding a permanent injunction restraining the municipality, its officers or agents, from interfering with plaintiff company, or its servants and employees, in the mining and removing of coal underlying the surface of a tract of land owned by the city, located within its boundaries and known as Nay Aug Park, a public pleasure ground. The decree complained of was made upon bill and answer, after argument upon preliminary objections to the answer of the city alleging the municipality had the right, in the exercise of the police power and in the interest of the safety of the general public, to prevent mining operations upon the property referred to, which were likely to cause injury to both the surface and the public.

The present solicitor for the city has presented with his brief a petition for leave to amend the answer filed in the court below by his predecessor in office, and avers that, after appeal to this court had been perfected, it was ascertained that important outstanding titles involving the land in controversy, including title to the right of vertical support, were not brought to the attention of the lower court. It is also asserted that the court failed to consider the Act of May 27, 1921, P. L. 1198, which in the opinion of appellant "conclusively governs this case and stands squarely in the way of any such injunction as has been here granted."

Without in any way passing upon the merits of the controversy at this time, we feel the importance to the public at large of the issues involved demands that the case be remitted to the lower court in order that all relevant facts may be presented and considered. Appellee questions the right of this court to order alterations in pleadings after final decree in proceedings in equity. Our power, however, to direct amendments, either upon petition or of our own volition, is well established and has been frequently exercised: Heck v. Collins, 231 Pa. 357, and Hartley v. Langkamp & Elder, 243 Pa. 550. See also Waite v. Palmer, 78 Pa. 192, and Murdoch v. Murdoch, 279 Pa. 97. In the last named case, referring to an amendment to the pleadings in a bill in equity, this court said, page 102: "We could properly allow it in this court, and would do so, if necessary, since no harm could come to appellants from basing a decree upon their own statements."

The decree is vacated and the record remitted to the court below with direction that it permit defendant city to amend its answer in accordance with the petition heretofore filed, and thereupon take such further action as justice and equity may require. Costs to await final determination of the proceedings.