## Van Meter, Appellant, v. Norris.

138

Argued January 17, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. E. Potter,* with him *John R. K. Scott, William T. Connor* and *Frank A. Mooreshead,* for appellant.

*A. H. Wintersteen,* of *Wintersteen, McCoy & Winter-steen* and *George T. Butler,* for appellee.

PER CURIAM, March 25, 1935:

Appellant filed a bill in equity in the court below alleging that defendant, her father, entered into an oral

contract with her to convey all his estate to her at his death, and praying for a decree that the alleged contract be declared valid and subsisting, that any will inconsistent therewith be declared void and of no effect, that defendant be restrained from making any gifts or dissipating his estate in violation of the terms of the contract, and for further appropriate relief. Preliminary objections to the bill were filed by defendant, averring that the bill contained impertinent, irrelevant and scandalous matter, setting up a failure of consideration and pleading the statute of frauds, the statute of limitations, and laches as grounds for dismissing the bill. After argument, the court ruled the bill was without present equity and that plaintiff had an adequate remedy at law, and accordingly entered a decree certifying the case to the law side of the court.

Appellant argues that the lower court erred in holding she has an adequate remedy at law, for the reason that this defense was not pleaded in the preliminary objections to the bill. We need not consider whether a court of equity of its own volition may certify a case to the law side of the court, since it was stated at the time of the argument before us that the case would be considered as if properly amended to raise the question in limine. Our right to order such amendments nunc pro tunc is undoubted: Scranton Coal Co. v. Scranton, 314 Pa. 262.

We are satisfied the court below correctly ruled that plaintiff was in the wrong forum. Equity has no present power to compel defendant to execute a will leaving all his estate to plaintiff, since, under the terms of the alleged contract itself, defendant has his entire lifetime in which to do so. Moreover, as pointed out by the learned judge of the court below, "to grant the prayers of the bill would be to hold defendant to a greater promise than that alleged by plaintiff. The allegation is that he promised to leave her his entire estate at his death. To restrain him from making any gifts, etc., would be to fix the value of the estate as of the present instead of at death."

On the other hand, plaintiff has appropriate and adequate remedies at law. Not only may she maintain an action to recover damages for breach of the alleged contract, if a breach does occur, but ejectment will lie against heirs taking real estate by devise contrary to the agreement, provided plaintiff can surmount the statute of frauds: Taylor v. Mitchell, 87 Pa. 518. Moreover, if it can be shown that defendant has actually executed a will leaving all his estate to others, plaintiff may treat this as an anticipatory breach of the contract, and sue to recover the consideration paid: Moorhead v. Fry, 24 Pa. 37. All of these remedies are, of course, predicated upon plaintiff's showing a valid and enforceable contract, but for the reasons given, that question should be tried at law and not in equity.

The decree is affirmed at appellant's costs.