Zimnisky et al., Appellants, *v.* Zimnisky.

Submitted March 22, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Neville B. Shea,* with him *Shea and Shea,* for appellants.

*Joseph F. Flanagan, Harold Rosenn,* and *Rosenn, Jenkins & Greenwald,* for appellees.

Opinion by Montgomery, J., June 16, 1967:

Plaintiffs John and Joseph Zimnisky, appellants before this Court, brought an action to quiet title to

certain real estate located on Harveys Lake, Lake Township, Luzerne County, Pennsylvania, in the Court of Common Pleas of Luzerne County, against the defendants, William Zimnisky and Josephine Zimnisky, his wife, and Edward Mickalus,[1] the life tenant of the property. An answer to the complaint containing new matter was filed by the defendants and the matter came before the Honorable Judge FRANK L. PINOLA on the plaintiffs' motion for judgment on the pleadings. The motion was denied by Judge PINOLA who then entered judgment in favor of the defendants. Plaintiffs appealed from this judgment.

A brief statement of the undisputed facts as shown by the pleadings is as follows. On May 14, 1951, Anna Zimnisky, then a widow, and her son William Zimnisky, executed an agreement terminating a partnership under which they had operated a restaurant and cafe on land owned by her at Harveys Lake, Luzerne County. This agreement provided that upon the death of Anna Zimnisky her then Harveys Lake property was to become the property of William Zimnisky, subject, however, to a charge of $1,000 in favor of her son Joseph Zimnisky, and subject to another charge of $1,200 in favor of her son John Zimnisky, with both charges to be payable within six months after her death.[2] This

---

[1] Mr. Mickalus died in 1966 and this case becomes moot as to him.

[2] Paragraph (3) of the May 14, 1951 agreement is as follows:

"In further consideration of the premises, the party of the first part agrees that upon her death, all of her right, title and interest in and to the said real estate, the license and all fixtures and articles of personal property on the said premises and used in the operation of the restaurant business shall become the property of the party of the second part; Subject, however, to a charge in favor of the first party's son, JOSEPH, in the sum of One Thousand ($1,000.00) Dollars, and a charge in favor of the first party's son, JOHN, in the sum of One Thousand Two Hundred ($1,200.00) Dollars, both sons being brothers of the party of the second part.

agreement provided for the contingency of the sale of this property by Anna Zimnisky, in which event it was to be offered first to William Zimnisky at a price of 33-1/3 per cent below the market price.[3]

On January 21, 1957, Anna Zimnisky, having married Edward Mickalus, conveyed the Harveys Lake real estate to herself and her husband as tenants by the entirety. On February 26, 1958, William Zimnisky acknowledged the dissolution agreement he executed with his mother in 1951 and had it recorded in the office of the Recorder of Deeds in and for Luzerne County. On November 24, 1960, Anna Zimnisky died intestate owning the Harveys Lake property as tenant by the entirety with her husband.

Thereafter, Edward Mickalus and William Zimnisky both claimed title to this property. Zimnisky based his claim upon paragraph (3) of the aforesaid dissolution agreement and Mickalus claimed as surviving tenant by the entirety. On December 1, 1960, Mickalus and Zimnisky settled their dispute and by written instrument agreed that Mickalus was to have a life estate in the property and William Zimnisky was to receive the remainder. A deed was then executed by Mickalus to William and Josephine Zimnisky, dated December 19, 1960, and recorded in the office of the Recorder of Deeds in and for Luzerne County.

The question before us therefore is what rights, if any, did the plaintiffs John and Joseph Zimnisky ac-

---

The said charges shall be payable within six (6) months after the death of the party of the first part."

[3] Paragraph (4) of the May 14, 1951 agreement provides:

"The party of the first part agrees that in the event she desires to sell the said premises, together with the license and fixtures as above stated, that she will first offer the same for sale to the party of the second part at a price or consideration of 33-1/3% below the then market price of the same, as it will be established by the formula hereinafter set forth."

quire by reason of the May 14, 1951 agreement. The lower court held that the agreement was testamentary in character creating no vested rights in William Zimnisky or the plaintiffs herein, and that Anna Zimnisky's subsequent marriage and the conveyance by her to herself and Edward Mickalus discharged any charge in favor of the plaintiffs. With this conclusion we disagree.

It is well established in Pennsylvania that an agreement to make a will or to devise one's property to a particular person or for a particular purpose is binding and irrevocable when supported by what the law regards as valid consideration. *Fahringer v. Strine Estate,* 420 Pa. 48, 216 A. 2d 82 (1966); *Gredler Estate,* 361 Pa. 384, 65 A. 2d 404 (1949); *McGinley's Estate,* 257 Pa. 478, 101 A. 807 (1917). Such agreements are not testamentary in nature but are rather contracts with part performance postponed until the death of one of the parties. *Book v. Book,* 104 Pa. 240 (1883).

A claim based upon a contract made with a decedent to leave certain property by will, like any other claim made against a decedent's estate, must however, be proved by evidence which is clear, precise and convincing, or as it is sometimes expressed, clear, direct and positive. *Liggins Estate,* 393 Pa. 500, 143 A. 2d 349 (1958); *King Estate,* 387 Pa. 119, 126 A. 2d 463 (1956); *Stafford v. Reed,* 363 Pa. 405, 70 A. 2d 345 (1950). The execution of such a contract creates an affirmative obligation on the promisor which may not be violated during his lifetime without a resulting breach. *Van Meter v. Norris,* 318 Pa. 137, 177 A. 799 (1935); *Book v. Book,* supra. In *Van Meter v. Norris,* supra, for example the prospective beneficiary of all of the estate of the defendant sued in equity for a decree declaring that a will inconsistent with the terms of an oral contract between the parties be declared

void, and in addition sought to prevent the defendant from dissipating his estate in violation of the terms of their contract. Although the Court denied equitable relief because the defendant had his whole lifetime to make the correct will the Court said, "On the other hand, plaintiff has appropriate and adequate remedies at law. Not only may she maintain an action to recover damages for breach of the alleged contract, if a breach does occur, but ejectment will lie against heirs taking real estate by devise contrary to the agreement . . . Moreover, if it can be shown that defendant has actually executed a will leaving all his estate to others, plaintiff may treat this as an anticipatory breach of the contract, and sue to recover the consideration paid: . . ." 318 Pa. 137 at 140. Generally such agreements when they are for the benefit of third persons may be enforced as third party beneficiary contracts. *Herr Estate,* 400 Pa. 90, 161 A. 2d 32 (1960); *Gredler Estate,* supra.

In the instant case the written agreement entered into on May 14, 1951, was a valid and enforceable contract supported by a valid legal consideration. William Zimnisky consented to the termination of the partnership in consideration for the promise of his mother, Anna Zimnisky, to leave the Harveys Lake property to him at her death. The two conditions placed on his full enjoyment of this property at the death of his mother were the contingency that she may have conveyed the property in her lifetime in accordance with paragraph (4) of the agreement, and the condition that within six months of acquiring the property he would pay his two brothers the amounts of $1,000 and $1,200 respectively. The duties owed by William Zimnisky to the plaintiffs were of course conditional on his receiving the property after the death of their mother. It is undisputed that the rights of a donee beneficiary may arise no higher than the rights of the promisor

to the contract and that they are vulnerable to the same limitations which may be asserted between the promisor and promisee. *Williams v. Paxson Coal Company*, 346 Pa. 468, 31 A. 2d 69 (1943); Restatement, Contracts, §140.

Nevertheless, there is no evidence that Anna Zimnisky disposed of the Harveys Lake property in her lifetime in accordance with the terms of paragraph (4) of the 1951 agreement. Technically she was in breach of her contract with William Zimnisky in 1957 when she conveyed the property to herself and her husband, such conveyance being presumed to be a gift. *Holmes Estate*, 414 Pa. 403, 200 A. 2d 745 (1964). The further breach occurred in 1960 when she died without devising the property in accordance with the terms of the agreement. Although William Zimnisky had no duty to the plaintiffs to enforce the contractual obligation owed by their mother, having done so and having ultimately received the disputed property, we hold that he is liable for the two charges in favor of the plaintiffs. The settlement of the dispute which resulted in Edward Mickalus conveying the property to William and Josephine Zimnisky, reserving a life estate, re-established the plaintiffs' rights as donee beneficiaries under the original agreement. This same result would have been reached if William Zimnisky had brought an action in ejectment against Mickalus after the death of his mother, *Taylor v. Mitchell*, 87 Pa. 518 (1879), or had sought enforcement of his contract rights before his mother had died and after she had conveyed the property to herself and Mickalus as tenants by the entirety.

Defendants raise the defense of laches by reason of the delay in the commencement of plaintiffs' lawsuit, their mother having died and the dispute having been settled with Mickalus in 1960. Although we hold that the defense of laches is applicable in actions to quiet

title, *McClure v. Fairfield,* 153 Pa. 411, 26 A. 446 (1893), no prejudice has been shown by the defendants so as to entitle them to such a defense. *Joseph Melnick Building and Loan Association v. Melnick,* 361 Pa. 328, 64 A. 2d 773 (1949).

Judgment reversed and judgments entered in favor of Joseph and John Zimnisky in the amounts of $1,000 and $1,200 respectively, with interest from six months after the date defendants secured possession of the property at the death of Edward Mickalus.