## Psola v. Basar

*Harry P. Mattern*, for plaintiffs.
*Joseph P. Sindaco* and *Joseph C. Giebus*, for defendants.

BROMINSKI, *P.J.*, January 29, 1980—This quiet title action was commenced by a complaint filed on January 12, 1979, by Celia Psola, Theresa Krogulski, John G. Basar and Juliet Schmeder, plaintiffs, against Mary Basar, John Wanyo and Anna Wanyo, his wife, defendants. Pursuant to agreement of counsel for the respective parties, the matter is now before the court for decision solely upon the basis of the pleadings, depositions and stipulation of counsel filed of record.

Aside from the names and addresses of the parties to the action, the pleadings establish the following additional facts:

1. Plaintiffs are the children of one John Basar who died on October 7, 1968.

2. Defendant, Mary Basar, was the second wife of the late John Basar; and defendants, Anna Wanyo and John Wanyo, are her child by a prior marriage, and son-in-law, respectively.

3. The real estate in question consists of all the surface or right of soil in two parcels of land and

improvements generally known as 15 West Liberty Street, Hanover Township, Luzerne County, Pa.

4. On January 7, 1966, the following three documents were executed by John Basar and Mary Basar, his wife:

(a) The will of John Basar, attached to the Complaint as Exhibit A, which provides, inter alia, that ". . . In the event my beloved wife survives me, she will have the benefit of our home at 15 West Liberty Street, Hanover Township, Luzerne County, Pennsylvania, for her life, since title is held in her name and my name as tenants by the entirety; but in the event she predeceases me, then I give, devise and bequeath said property . . . to the following of my children who survive me: John Basar, Celia Psola, Theresa Krogulski, Juliet Schmeder and Helen Oshenski."

(b) The will of Mary Basar, attached to the Complaint as Exhibit B, which provides, inter alia, that ". . . In the event my beloved husband survives me, he will have the benefit of our home at 15 West Liberty Street, Hanover Township, Luzerne County, Pennsylvania, for his life, since title is held in his name and my name as tenants by the entirety; but in the event he predeceases me, then I give, devise and bequeath said property . . . to the following of his children who survive me: John Basar, Celia Psola, Theresa Krogulski, Juliet Schmeder and Helen Oshenski."

(c) An agreement, attached to the complaint as Exhibit C, which recites, inter alia, that the said property which they own was acquired from moneys which belonged solely to John Basar, and that they agreed that the ultimate disposition of their assets upon their deaths shall be as set forth in their aforementioned wills; and, further, which provides that ". . . the Wills . . . shall not be

changed without the written consent of both parties" and that ". . . upon the death of either party, their respective Wills thereafter cannot be changed and the beneficiaries as designated in said wills shall have a vested interest in the respective estates of the parties. . . ." Furthermore, the agreement sets forth language that the parties intend to be legally bound thereby.

5. Subsequent to the said agreement, and prior to his death, John Basar did not sign any written consent permitting any change in Mary Basar's will.

6. On October 15, 1968, following the death of John Basar, Mary Basar executed a document entitled: "Declaration of Mary Basar Re: Residence at 15 West Liberty Street, Hanover Township, Luzerne County, Pa." and recorded same on October 16, 1968 in the Office of the Recorder of Deeds of Luzerne County in Deed Book 1652 at Page 838. By virtue of this document, attached to the complaint as Exhibit D, Mary Basar declared, inter alia, that she desired to remain in possession, and have full benefit of the property; that during her lifetime she could maintain same in reasonably good condition and pay all taxes and insurance thereon; that upon her death the property would pass, according to said agreement with her late husband, John Basar, dated January 7, 1966, to his surviving children; and that she intended to be legally bound by such declaration.

7. By deed, attached to the complaint as Exhibit E, dated August 10, 1978, and recorded on September 19, 1978, in the Office of the Recorder of Deeds of Luzerne County in Deed Book 1968 at Page 382, Mary Basar as grantor conveyed said property to herself and the said John Wanyo and

Anna Wanyo, his wife, grantees, as joint tenants with right of survivorship and not as tenants in common.

By virtue of stipulation of counsel for the parties filed February 20, 1979, the concluding paragraph of the complaint was amended to read as follows:

"Wherefore, Plaintiffs request this Honorable Court to adjudicate the validity in the Deed of August 10, 1978 from Mary Basar to Mary Basar, Widow, and John Wanyo and Anna Wanyo, his wife, and to declare said deed to be void and invalid, to cancel said deed, direct the Recorder of Deeds of Luzerne County to mark said deed invalid, void and canceled upon his records, to Quiet Title of the premises to and into the Plaintiffs and such other relief as this Honorable Court should think just and proper."

The deposition of Mary Basar taken on February 1, 1979, indicates that she married John Basar on November 19, 1955; that six children had been born of her marriage to one John Skapura who died in 1953; that no children were born of her marriage to John Basar; that when the subject property was purchased from one Michael Homa on or about October 15, 1965, her name was placed on the deed as a grantee; that the aforementioned wills and agreement were executed nearly three months after such purchase; and that the property was being rented to a married couple for $150 per month.

The depositions of Theresa Krogulski and Celia Psola were taken on August 20, 1979. Mrs. Krogulski stated that on October 15, 1968, shortly after the death of her father, John Basar, she was present in the law office of attorney Herbert L.

Winkler, Franklin Street, Wilkes-Barre, Pa., together with her sister Celia Psola, her brother, John Basar, her stepmother, Mary Basar, and Mary Basar's son, John Skapura, at which time John Basar's will and the aforementioned declaration were read; and that Mrs. Basar read and signed the declaration without objection.

The deposition of Celia Psola corroborated that of her sister, Theresa Krogulski.

The deposition of Herbert L. Winkler, Esq., taken on September 7, 1979, indicates that neither he nor anyone else, to his knowledge, applied any pressure upon either John Basar or Mary Basar to sign their wills and the accompanying agreement, or solely upon Mary Basar to sign the above-mentioned declaration.

Defendants maintain that when the subject property was purchased on or about October 15, 1965, and the names of both John Basar and Mary Basar, his wife, appeared as grantees in the deed evidencing the conveyance, this created a tenancy by the entirety by operation of law, and that upon the subsequent death of John Basar, Mary Basar, as the surviving spouse, became the absolute fee simple owner thereof who could ultimately dispose of the property as she saw fit. Were it not for the wills and agreement executed by John and Mary Basar between the time of the purchase of the property and the death of John Basar, defendants' position would rest on an indisputable legal foundation.

Therefore, the principal issue is what effect do the reciprocal wills and the accompanying agreement have on Mary Basar's interest in the real estate in question.

The appropriate legal principles are well established. A contract to make a will in a certain man-

ner or to bequeath by will a specific monetary sum is recognized in Pennsylvania as valid, provided that the creation of such a contract and its terms are proved with clarity and conviction and that valid consideration therefor is shown. When properly proved, such a contract is irrevocable and may be specifically enforced: McGinley's Estate, 257 Pa. 478, 101 Atl. 807 (1917). A promise to dispose of one's property to a particular person or in a particular manner is not in itself an unreasonable restraint on alienation: Gredler Estate, 361 Pa. 384, 65 A. 2d 404 (1949). Further, where real estate is involved, the writing required by the statute of frauds to make the contract enforceable need not be contained in a single document but may consist of several writings. In order to constitute a sufficient memorandum to satisfy the statute, such writings must contain either express reference or internal evidence, of their relation to, or connection with, each other: 16 P.L.E 486, §57. Finally if such a contract is for the benefit of third persons, it may be enforced as a third party beneficiary contract: Zimnisky v. Zimnisky, 210 Pa. Superior Ct. 266, 231 A. 2d 904 (1967).

The facts appearing in the record clearly, positively and unequivocally establish that a valid and binding irrevocable agreement was made between John Basar and Mary Basar that upon the death of the survivor of them, the real estate situate at 15 West Liberty Street in Hanover Township would pass to the surviving children of John Basar.

This is not a case where the court is called upon to consider parol evidence to find proof of a contract between the parties aliunde their reciprocal wills. Here there is a separate written agreement signifying their understanding that while both were living

neither party would change his or her will without the written consent of both parties and, additionally, that upon the death of either party, the survivor would be unable to change his or her will so that the beneficiaries as designated in the wills, to wit, John Basar's children, had a vested interest in the property. Moreover, shortly after the death of her husband, Mary Basar executed, acknowledged and recorded the written declaration of her intention to abide by the contract.

Furthermore, this is not a case of an anticipatory breach of the agreement, as would have occurred if Mary Basar had merely revoked her will and executed a new one. This is an actual breach, since she has conveyed the real estate through a deed.

This court is unaware of any legal prohibition barring spouses from entering into an irrevocable agreement concerning the disposition of entireties property following their deaths. Thus, defendants' allusion, both in their trial brief and at the court proceeding on November 15, 1979, to the body of law pertaining to tenancies by the entirety and, especially, to the principle therein that a surviving tenant owns the property absolutely in fee and, consequently, can dispose of it freely, is irrelevant here in light of the foregoing contract.

Defendants argue that the agreement is invalid due to a want of consideration but this contention is not meritorious. Valid consideration may consist of benefit to one party or of detriment to the other, or both combined: 40 P.L.E. 85, §42. The quid pro quo here consists of the reciprocal wills, each of which was executed in consideration for the other, and/or the mutual promises set forth in the accompanying agreement: Herr Estate, 400 Pa. 90, 161 A. 2d 32 (1960); and Vanston Estate, 26 D. & C. 2d 555 (1961).

Defendants argue further that the aforementioned declaration of Mary Basar is void because it lacks consideration; that such declaration is in the nature of a will which is revocable; and that the aforesaid deed dated August 10, 1978, from Mary Basar to herself and her daughter and son-in-law, in fact, revoked the declaration, thereby requiring dismissal of plaintiffs' action. We disagree.

First, the Written Obligations Act of May 13, 1927, P.L. 985, 33 P.S. §6, provides as follows: "A written . . . promise . . . signed by the person . . . promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."

The declaration bears such express statement.

Second, even if the declaration were deemed to be invalid or merely testamentary in nature and, therefore, revocable, still there remains the agreement which is not testamentary in nature and which is irrevocable: Zimnisky v. Zimnisky, supra. Notwithstanding the declaration and the issue of its revocability, the valid and binding irrevocable contract between the parties subsists and is enforceable.

We conclude, therefore, that the conveyance evidenced by a deed dated August 10, 1978, recorded on September 19, 1978, in Luzerne County Deed Book 1968, Page 382, transferring the property from Mary Basar to Mary Basar and John and Anna Wanyo, husband and wife, as joint tenants with right of survivorship and not as tenants in common, is invalid because it is in breach of the valid agreement between John and Mary Basar. Further, it has been neither pleaded nor proved by defendants that John and Anna Wanyo were grantees of the property for a good and valuable consideration and

without notice of the agreement so as to prevent the enforcement of the agreement as to them. Therefore, in order to protect the right and interest of plaintiffs in the property, as derived from the aforesaid agreement, we shall hereafter enter an appropriate order pursuant to Pa.R.C.P. 1066.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

1. That plaintiffs, Celia Psola, Theresa Krogulski, John G. Basar and Juliet Schmeder, have a valid vested interest in premises located at 15 West Liberty Street, Hanover Township, Luzerne County, Pa., which interest, upon the death of defendant, Mary Basar, shall ripen into fee simple title pursuant to the reciprocal wills and agreement discussed in the foregoing decision;

2. That during her lifetime, defendant, Mary Basar, shall have the benefit of said premises;

3. That the deed dated August 10, 1978, recorded on September 19, 1978 in the Office of the Recorder of Deeds of Luzerne County in Deed Book 1968, Page 382, transferring said premises from Mary Basar to Mary Basar and John Wanyo and Anna Wanyo, his wife, as joint tenants with right of survivorship and not as tenants in common, is invalid for the reasons set forth in the foregoing decision; and

4. That the Recorder of Deeds of Luzerne County, Pennsylvania, is hereby directed and ordered to cancel and make void upon his records the aforementioned invalid deed recorded in Deed Book 1968 at Page 382, etc.