# Lichtenfeld Estate

*Dallett Hemphill* and *J. Brooke Aker*, for petitioner.

*William J. Gallagher* and *Michael C. Goeller*, for respondent.

OPINION BY WOOD, J., AUGUST 18, 1980:

Prior to the death of Sylvia Lichtenfeld, she and her husband, Samuel, a former judge of this court, entered into an understanding regarding the way each would distribute their individual estates. Both allegedly had wills prepared in accordance with that understanding, and Mrs. Lichtenfeld died with her will still intact. However, following her death, her husband apparently rewrote his will, and a relative of his wife's, A. Theodore Flum, considers that the rewriting of that will is in violation of the understanding between the Lichtenfelds, and that he has standing to enforce the "understanding"[1] as a third party beneficiary thereof.

Accordingly, ancillary to the settlement of Sylvia Lichtenfeld's estate, he has asked this court to enjoin Samuel Lichtenfeld from disposing of any proceeds that he (Samuel) *may* receive from a sale of his premises near Paoli in this county.[2] Neither side has questioned whether such a petition may be filed as an adjunct to the settlement of someone else's estate, but in view of our disposition, we are not inclined to become

---

1. We hesitate to refer to it as an agreement, because, although both parties agree that there was an understanding, they disagree on what the terms were.

2. He has also filed a request to perpetuate testimony. Disposition of that request is not here before us.

technical over that point.

The relief that Mr. Flum seeks is to have Judge Lichtenfeld deposit the proceeds of the sale of his residence in some sort of restricted account, on the fear that he might otherwise whisk them beyond the jurisdiction of this court and off to Portugal, where they would presumably be more difficult to retrieve at his death. He has asked that we enter a (sort of) preliminary injunction, with only a very modest bond to be posted, although it may be many years before a final determination can be made as to whether or not Mr. Flum is truly entitled to any given portion of Judge Lichtenfeld's estate.

Although the court has great sympathy for the apprehensions which apparently assail Mr. Flum, we are of the opinion that we are unable to grant the relief that he requests. Four conditions must be satisfied before a preliminary injunction may be entered: 1) Plaintiff's right of recovery must be clear, 2) the need for relief must be imminent, 3) the injury that will be suffered if the request is denied must be irreparable, and 4) plaintiff must not have an adequate remedy at law: *Boyd v. Cooper,* 410 A. 2d 860, 862.

We are prepared to assume for the purpose of argument that Mr. Flum has established the existence of an agreement between Judge and Mrs. Lichtenfeld which rebounds to the benefit of Mr. Flum. Even so, we have a number of reservations concerning our obligation to enter a preliminary injunction, under the rules set forth above:

1. There is no evidence that Mr. Flum will suffer immediate and irreparable injury. At best, Judge Lichtenfeld might move to Portugal following the sale of his residence, and it might be difficult to reach his assets in Portugal. Such a state of affairs hardly rises to the level of immediate and irreparable harm.

2. There is authority for the proposition that where one enters into a contract to dispose of property by will in a particular way, the making of a will contrary to the contract is regarded as an anticipatory breach and the other party may consider the contract at an end and sue upon it: *Van Meter v. Norris,* 318 Pa. 137. Thus, if there has been a breach, there is

a remedy. We do not here speculate as to what the measure of damages might be. We note only that the "understanding" was to make a will in a certain way, *not* to keep all the likely assets of the estate readily available to the courts of this county.

3. It also seems to the court that what Flum is asking is that we limit Judge Lichtenfeld's right to dispose of his own assets during his lifetime, when Flum's right, if any, is to a share of his estate following his death. In other words, the remedy does not cure the breach. Requiring an escrow of the sale proceeds will not prevent a change of wills. Indeed, if we were to grant the relief requested, we would probably be doing more immediate and irreparable harm to the defendant than is threatened by any stretch of the imagination to the plaintiff.

4. Lastly, the difficulty with Mr. Flum's position is illustrated by the difficulty in articulating the kind of relief that he seeks. Do we ask Judge Lichtenfeld to put the money in a restricted account? Do we prevent him from taking his money out of state? Do we prevent him from moving to Portugal? Should the decree reach only the proceeds of the sale of the residence, or should it reach other assets, or should it reach only Mr. Flum's supposed share of the proceeds of the residence? The difficulty of answering these questions helps to persuade us of the incorrectness of Mr. Flum's position.

## ORDER

And Now, this 18th day of August, 1980, for the reasons set forth in the foregoing Opinion, the petition of A. Theodore Flum for an injunction to restrain the distribution of proceeds of sale of the residence of Samuel Lichtenfeld is dismissed.