## Guarry Estate

*David Ceraul,* for petitioner.
*Robert Ungerleider,* for respondent.

WILLIAMS, JR., *P.J.,* June 26, 1985—This matter comes before the court on appeal of Amelia Kametz from a decree of the register of wills dated March 12, 1985, which admitted a writing dated June 15, 1983, into probate as the last will of Rose Guarry, deceased.

Ms. Kametz is the daughter of Rose Guarry's second husband, James Guarry, also deceased.[1] Her appeal is premised upon the existence of a prior writing of Rose Guarry, which was allegedly executed pursuant to and in accordance with an agreement between Rose and James Guarry concerning the reciprocal testamentary disposition of their property. The prior will, dated November 21, 1978, provided for distribution of one-half of the Guarrys' combined estate to Amelia Kametz. The will which has been admitted to probate does not name Ms. Kametz as a beneficiary.

Ms. Kametz contends that the writing admitted to probate was executed in violation of the agreement between Rose Guarry and James Guarry, and thus should be set aside.

"It is well-established in Pennsylvania that an agreement to make a will or to devise one's property to a particular person or for a particular purpose is binding and irrevocable when supported by what the law regards as valid consideration." In re Estate of Thompson, 332 Pa. Super. 360, 481 A.2d 655 (1984); Curry v. Estate of Thompson, 332 Pa. Super. 364, 481 A.2d 658 (1984); Zimnisky v. Zimnisky, 210 Pa. Super. 266, 231 A.2d 904 (1967).

Such agreements are not testamentary in nature but are contractual in nature, with part performance postponed until the death of one of the parties. Id. As such, the agreements may be enforced in the same manner as a third-party beneficiary contract is enforced. Id. A contract to make a will or not to revoke a reciprocal will (as is alleged in the case

---

1. Amelia Kametz is the daughter of James Guarry and is the stepdaughter of Rose Guarry. James Guarry predeceased Rose Guarry.

at bar), must be proved by clear and convincing evidence. Kester Estate, 477 Pa. 243, 383 A.2d 914 (1978). Once proved, the contract assumes the status of a valid and enforceable claim against the decedent's estate.[2] Id.

The crucial factor in this analysis is that the third-party beneficiary assumes the status of a claimant against decedent's estate. He or she does not acquire the power to prevent probate of the will which was made in violation of the contract. "If a particular writing meets the statutory requirements for a will, then it is properly admitted into probate." In re Estate of Thompson, supra, at 657; In Re Martin Estate, 349 Pa. 255, 36 A.2d 786 (1944). The mere fact that some or all of the provisions of that writing may be in direct violation of a prior agreement made by decedent does not affect its authenticity as a will. "A will made in violation of a contract to make a will should nonetheless be probated; contract rights are questions of distribution, not of probate." In re Estate of Thompson, supra; Hunter's Orphan's Court Practice and Procedure, Contract to Make a Will, §10, p. 515.

Thus, in denying Amelia Kametz's appeal, we find that the 1983 writing of Rose Guarry was properly admitted into probate as her last will. Proper distribution of an estate is not the domain of the register of wills. The appropriate remedy for Ms. Kametz is not to cause the probate of the 1983 will to be set aside, but to file an action for breach of contract or to contest the schedule of distribution if filed

2. As with any other claim against the estate, the claim of a third-party beneficiary assumes a lesser priority than do administration expenses, family exemption and funeral expenses. 20 Pa.C.S. §3392.

in accordance with the terms of the 1983 will. 20 Pa.C.S. §908; In re Estate of Thompson, supra.

Wherefore, we enter the following

## DECREE NISI

And now, this June 26, 1985, the appeal of Amelia Kametz from the probate of the last will and testament of Rose Guarry is denied and dismissed.

The clerk of the orphans' court shall give written notice of this decree nisi to each party who has appeared or to his attorney of record. If no exceptions are filed within 10 days, this decree nisi shall be entered as a final decree.