## Huda v. Kirk

*Leonard A. Sloane,* for plaintiffs.

*Joseph D'Annunzio,* for defendant Kirk & ABC Express Inc.

*Brian P. Sullivan,* for defendant Charles T. May.

*John O'Rourke Jr.,* for defendant Montgomery Township.

*Dean B. Stewart Jr.,* for defendant Worcester Township.

*William Slotter,* for defendant PennDOT.

SUBERS, *J.,* May 12, 1987—This action arises out of an automobile accident in which plaintiffs' decedent, Nadira Huda, was fatally injured. On February 8, 1983, defendant Syed Kabir was operating his car in a northerly direction on Upper State Road in Montgomery Township. His passengers included Nadira Huda, her children, Irfan, age 3. Emran, age 2, and Shamsul Islam. Defendant James A. Kirk was driving a tractor trailer in a westerly direction on County Line Road. At the intersec-

tion of Upper State Road and County Line Road in Montgomery Township, Montgomery County, the two vehicles collided, resulting in the death of plaintiffs' decedent and serious injuries to Irfan Huda, Emran Huda and Shamsul Islam. Plaintiffs' filed their complaint on February 27, 1984, in which they alleged, inter alia, that defendants James A. Kirk and ABC Express Inc. were negligent in the operation and maintenance of the tractor trailer, that Syed Kabir was negligent in the operation of his car, that Charles T. May, the owner of the property abutting the corner of Upper State Road and County Line Road, was negligent in the planting and maintenance of certain trees, bushes and shrubbery which created a dangerous sight condition at the intersection that contributed to the accident, and that defendants, Montgomery Township and the commonwealth of Pennsylvania Department of Transportation were aware of the dangerous conditions at the intersection and were negligent in failing to take proper measures to correct the condition. See plaintiffs' complaint, filed February 27, 1984.[1] Plaintiff, Abu Huda, claimed damages individually and on behalf of decedents' family for the wrongful death of decedent pursuant to 42 Pa.C.S. §8301 and, as administrator of decedent's estate brought a survival action pursuant to 42 Pa.C.S. §8302. In addition, plaintiffs' claimed damages for negligent infliction of mental and emotional distress.

On February 25, 1985, defendant PennDOT filed preliminary objections in the nature of a motion to strike off paragraphs 20, 30, and count I (paragraphs 32 through 36) of plaintiffs' complaint as against the commonwealth. On October 30, 1986,

---

1. Complaint reinstated on January 10, 1985, pursuant to Pa.R.C.P. 1010(b).

upon consideration of the parties' memoranda of law, we granted defendant commonwealth's preliminary objections, and struck paragraphs 20, 30, and count I of plaintiffs' complaint as to PennDOT only. Plaintiffs appeal our decision to the Superior Court of Pennsylvania.

## ISSUES

(1) Whether, pursuant to Pa.R.C.P. 1019(g), plaintiffs' have properly incorporated by reference into the complaint the entire record of a Bucks County case.

(2) Whether, pursuant to 42 Pa.C.S. §8258, wrongful death damages are properly awardable against a commonwealth party.

## DISCUSSION

At the outset, we address the propriety of sustaining defendants' preliminary objections. We recognize that under Pa.R.C.P. 1028, preliminary objections may be sustained only in cases which are clear and free from doubt. *In re Estate of Thompson,* 332 Pa. Super. 360, 361, 481 A.2d 655, 656 (1984); *Del Turco v. Peoples Home Savings Association,* 329 Pa. Super. 258, 267, 478 A.2d 456, 461 (1984). In determining the legal sufficiency of defendants' objections, we accept as true all well pleaded facts and reasonable inferences that may be deduced from plaintiffs' complaint. *Benjamin Coal v. Commonwealth Department of Environmental Resources,* 100 Pa. Commw., 1, 513 A.2d 1120, 1122 (1986); *Patton v. Republic Steel Corporation,* 342 Pa. Super. 101, 107, 492 A.2d 411, 414 n.2 (1985).

Defendant first objects to plaintiffs' attempt to incorporate by reference into the complaint the entire

record of a prior Bucks County action, *Benjamin Harvey v. Elmer Hansen Jr., Barbara Aikens, Charles Aikens, Bucks County and New Britain Township,* Bucks County Civil Action no. 77-1225-09-2 (Appellate decision reported at 229 Pa. Super. 474, 445 A.2d 1228 (1982) ). See plaintiffs' complaint, filed February 27, 1984, paragraphs 20 and 30. Plaintiffs' attempt, defendant contends, violates Pa.R.C.P. 1019(g) and is improper. We agree.

Pa.R.C.P. 1019(g) provides:

"(g) Any part of a pleading may be incorporated by reference in another part of the same pleading in the same action. *A party may incorporate by reference any matter of record in any state or federal court of record whose records are within the county in which the action is pending or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.*" (emphasis added).

Courts of this commonwealth have long interpreted rule 1019(g) to mean that only those records that are located within the county in which the action is pending may be incorporated by reference into the complaint. In all other cases the full text of such record or opinion must be attached to the complaint. See *Finch v. White,* 190 Pa. 86, 88, 42 A. 457, 457-58 (1899); *Stockley v. McClurg,* 14 Pa. Super. 629, 634 (1900); *Clarks v. Quinn 3rd, et al.* 86 D.&C. 237, 243, (1953); *Breyer Ice Cream Co. v. Lewis,* 72 Montg.Co.L.R. 578, 578-79 (1956). Thus plaintiffs' attempt to incorporate the entire record of *Harvey,* a Bucks County case, into this Montgomery County action by mere reference to court, term and number, is clearly insufficient.

Plaintiffs contend that their attempt to incorporate by reference is proper because "[p]laintiff re-

ferred to [the] record for the sole purpose of illustrating the fact that defendant, township . . . had notice of the dangerous condition."

We know of no authority, and counsel has advanced none, which makes the proper incorporation of the entire record of a foreign county contingent on the purpose for which such record is being incorporated. The fact remains, plaintiffs have failed to attach the entire record of *Harvey* to the complaint. Therefore, rule 1019(g) precludes our consideration of that case.

The remaining issue raised is whether or not damages under the Wrongful Death Act are awardable against PennDOT. Plaintiffs argue that damages are properly awardable against PennDOT under the Wrongful Death Act 42 Pa.C.S. §8301[2] We disagree. Both parties admit that PennDOT is a commonwealth party as contemplated by 42 Pa.C.S. §8501[3] and as such is generally immune from suit except where the Legislature has specifically

---

2. 42 Pa.C.S. §8301 provides in pertinent part: "§8301 Death Action (a) General rule.—An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime."

3. 42 Pa.C.S. §5801 provides in pertinent part: "§8501 Definitions The following words and phrases when used in this chapter shall have, unless the context clearly indicates otherwise, the meanings given to them in this section: 'commonwealth party.' A commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment."

waived immunity. See 1 Pa.C.S. §2310; 42 Pa.C.S. §8522.

Moreover, damages which may properly be awarded against a commonwealth party are limited to the amounts and types of damages enumerated in 42 Pa.C.S. §8528. Central to our analysis in the instant case is section 8528(c), which lists the types of damages recoverable against the commonwealth and provides:

"(c) Types of damages recoverable.—Damages shall be recoverable only for:

"(1) Past and future loss of earnings and earning capacity,

"(2) Pain and suffering,

"(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant,

"(4) Loss of consortium,

"(5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions)."

It is over the interpretation of section 8528(c) that the parties disagree. Plaintiffs state that "[t]he above are precisely the types of damages which have been included as recoverable items in wrongful death cases. . . ." Defendant avers that "an examination of the categories reveals that only survival actions are allowed. The damages which would accrue in a wrongful death cause of action are not allowed."

In determining whether the damages specified in section 8528(c) may properly be recovered under the wrongful death statute, we first review the important distinctions between damages recoverable in wrongful death actions and those recoverable in survival actions:

"[I]n a 'survival action' the damages 'are measured by the pecuniary loss to *decedent* and therefore accrue to *his* estate. . . In contrast, the damages sought in a 'wrongful death action' are 'for the benefit of enumerated relatives, measured by the pecuniary loss occasioned them.' " *Miller v. United States Fidelity and Guaranty Company,* 304 Pa. Super. 43, 51, 450 A.2d 91, 95 (1982) (emphasis in original) (citations omitted). See *Pantazis v. Fidelity & Deposit Company of Maryland,* 369 Pa. 221, 224-25, 85 A.2d 421, 423 (1952); *Pozzuolo Estate,* 433 Pa. 185, 192, 249 A.2d 540, 544 (1969); *Harvey v. Hassinger,* 315 Pa. Super. 97, 102, 461 A.2d 814, 816 (1983).

The Superior Court of Pennsylvania further recognized that:

"In a survival action, the cause arises out of the injury, not out of the death. The estate is substituted for the decedent, and its recovery is based upon the rights of action which were possessed by the decedent at his death. The estate may recover for the loss of decedent's past and future earning power, for the decedent's pain and suffering prior to death, and for the cost of medical services, nursing and hospital care provided to decedent. The estate may not, however, recover funeral expenses since, obviously, the decedent could not have brought an action for these expenses at the time of his death." *McClinton v. White,* 285 Pa. Super. 271, 277-78, 427 A.2d 218,

221 (1981) citing *Skoda v. West Penn Power Company*, 411 Pa. 323, 191 A.2d 822 (1963).

In contrast, "[r]ecoverable damages under the Wrongful Death Act have been held to include *the present worth of the deceased's life, which could have gone for the benefit of the children, parent, husband or Wife as the case may be; the value of such services as the deceased would have rendered to the named beneficiaries,* and such gifts as the deceased would have been reasonably expected to have given the beneficiaries. The Wrongful Death Act itself also specifically provides for the recovery of medical expenses and funeral expenses. The cost of the tombstone and the cost of administration of the estate have also been held to be proper items of damage." Id. at 278, 427 A.2d at 221 n.5; (emphasis added) accord *Hefner v. Allstate Insurance Company*, 256 Pa. Super. 181, 190, 401 A.2d 1160, 1164 (1979); *Miller,* supra at 50, 450 A.2d at 95.

To avoid a duplication of damages, recovery under the survival statute must be diminished by the amount of the provision the deceased would have made for his or her spouse and children, and by the probable cost of his or her own maintenance during his or her lifetime. *McClinton,* supra at 279, 427 A.2d at 222.

In applying those general principles to the case at bar, we conclude that section 8528(c) clearly is limited in scope to the type of damages properly recoverable in a survival action, not a wrongful death action. We do not disagree with plaintiffs' assertion that:

"The portion of Nadira Huda's future lost earnings and earnings capacity which would ensure

[sic] to the benefit of her husband, Abu Huda, and her children Irfan Huda and Emran Huda, is recoverable by those individuals as wrongful death damages, while the decedent's lost future earnings and earnings capacity which she would have enjoyed during her lifetime will be recoverable by decedent's estate under the label of survival damages."

However, we emphasize that "future lost earnings" as they relate to the Wrongful Death Act are *only* those future earnings awarded to recompense the decedent's spouse and family for their "pecuniary loss," or the probable worth of the deceased's probable earnings during the probable duration of the deceased's life which would have gone for their benefit. Thus in a wrongful death action "[t]he measure . . . is not what the deceased would have earned . . . but only so much thereof as the jury find would have gone for the benefit of his family." *Gaydos v. Dornabyl,* 301 Pa. 523, 531, 152 Atl. 549, 552 (1930).

"Pain and suffering and loss of earning power are not recoverable." *Kaczorowski v. Kalkosinski,* 321 Pa. 438, 441, 184 Atl. 663, 665 (1936).

In a wrongful death action, decedent's lost earnings and earning capacity are yardmarks by which the *survivors* pecuniary loss is measured. Yet section 8528(c) does not speak in terms of pecuniary loss. That section refers only to past and future lost earnings and earning capacity, i.e. gross earnings, or those damages which the *deceased* could have sued for, and which accrue to the deceased's estate. We conclude, therefore, that contrary to plaintiff's assertion, wrongful death damages are not properly awardable against PennDOT under section 8528(c).

## CONCLUSION

For the foregoing reasons, our order dated October 30, 1986, striking paragraphs 20 and 30 of plaintiffs' complaint and count I of plaintiffs' complaint is proper and should be affirmed.